# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

ELHADI BENKIRANE,

        Plaintiff,

v.

MAGELLAN HEALTHCARE INC.,
DAVID WELSH, DAVID TOVAR, and
DOES I-X,

        Defendants.

Case No. 2:25-cv-00314-DCN

**MEMORANDUM DECISION
AND ORDER**

## I. INTRODUCTION

Before the Court is Defendants Magellan Healthcare Inc. ("Magellan") and David Tovar's Motion to Dismiss or in the Alternative to Compel Arbitration. Dkt. 20.[1] For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss and GRANTS Benkirane leave to amend his Complaint to include the proper party.[2] Magellan and Tovar's Motion to Compel Arbitration is DENIED as MOOT.

## II. BACKGROUND

Benkirane is the executive director of WHR IOP LLC ("WHR"), an Idaho limited liability company which provides addiction rehabilitation treatment to Medicare/Medicaid

---

[1] Defendants also filed a Motion to Seal (Dkt. 21) asking the Court to seal certain documents because of a confidentiality clause in the underlying agreement. Benkirane did not respond to the motion. Good cause appearing, the same is GRANTED and the documents will remain under seal.

[2] Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER-1

recipients. Magellan is an insurance company, incorporated in Delaware, contracted by the State of Idaho to administer the state's Medicaid/Medicare behavioral health program. Defendants David Welsh and David Tovar are officers of Magellan.

Benkirane, acting in his capacity as executive director of WHR, entered into a Network Provider Agreement ("Agreement") between WHR and Magellan under which WHR submits insurance claims to Magellan, which then processes WHR's claims. Dkt. 22-1. The only two parties to the Agreement are Magellan and WHR. *Id.*

Benkirane sues Magellan in his personal capacity, alleging Magellan is a state actor who violated his civil rights and breached the Agreement. Dkt. 2. Specifically, Benkirane alleges Magellan failed to pay out over $160,000 in insurance claims which, under the Agreement, they were supposed to pay. *Id.* at 6. The lack of payments negatively impacted WHR's operations, caused WHR staff to quit, and created other financial problems. *Id.* Benkirane alerted Magellan, Tovar, and Welsh that he intended to sue them to recover payments for the unpaid insurance claims. Dkt. 25, at 32. Benkirane alleges that, in retaliation for the threatened suit, Magellan initiated a series of audits and eventually terminated the Agreement for cause, thus ending WHR's status as a provider under the Idaho Behavioral Health Plan network. Benkirane seeks multiple forms of relief, both legal and equitable. *See generally* Dkt. 2.

Defendants moved to dismiss. Dkt. 20. They argue that Benkirane cannot state a claim under the Agreement because WHP signed the Agreement, not Benkirane personally.

MEMORANDUM DECISION AND ORDER-2

In the alternative, they ask the Court to compel arbitration or dismiss the case on the merits. Benkirane responded.[3] Dkt. 26. Magellan and Tovar filed a reply to the response. Dkt. 30.

The matter is now ripe for review.

### III. LEGAL STANDARD

**A. Motion to Dismiss Under 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss claims for lack of subject matter jurisdiction. Fed R. Civ. P. 12(b)(1). The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "Dismissal for lack of jurisdiction is not warranted to the extent that the complaint pleads facts from which federal jurisdiction clearly may be inferred." *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

---

[3] Benkirane's reply memo is over eighty pages in length in violation of District of Idaho Local Rule 7.1(a)(2). However, because Benkirane has appeared pro se and the extra pages do not prejudice Defendants, the Court will consider the entire document in the interest of fairness.

MEMORANDUM DECISION AND ORDER-3

## B. Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that "any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable' [] and permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. §§ 2, 4). "Employment contracts, except for those covering workers engaged in transportation, are covered by the FAA." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).

The FAA requires the Court to determine: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). The party seeking to compel arbitration has the burden of proving each requirement. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). If the Court answers yes to both questions, the FAA requires that the Court enforce the arbitration agreement in accordance with its terms. *Id.*

## IV. DISCUSSION

Magellan and Tovar argue Benkirane does not have standing because his claims all stem from the Agreement between Magellan and WHR, to which Benkirane is not a party. The Court agrees.

"It is axiomatic in the law of contract that a person not in privity cannot sue on a contract. 'Privity' refers to 'those who exchange the [contractual] promissory words or

MEMORANDUM DECISION AND ORDER-4

those to whom the promissory words are directed.'" *Wing v. Martin*, 107 Idaho 267, 272, 688 P.2d 1172, 1177 (1984) (citation modified).

Here, all of Plaintiff's claims stem from the Agreement, which binds only Magellan and WHR. Dkt. 22-1, at 2. Benkirane's own allegations indicate his claims all stem from the Agreement. For example, Benkirane states "[t]his civil rights action arises from Defendants' systematic pattern of retaliation, bad faith dealing, and constitutional violations in connection with the wrongful termination of Plaintiff's *network provider agreement*…." Dkt. 2, at 3 (emphasis added). Most of the relief requested by Benkirane, if granted, would go to make WHR whole, rather than to compensate Benkirane directly.[4] *See* Dkt. 2, at 19-26. WHR is, without a doubt, the proper party in interest for this suit.

Therefore, the Court GRANTS Magellan and Tovar's Motion to Dismiss WITHOUT PREJUDICE and GRANTS Benkirane leave to amend the Complaint if he chooses. But, as noted in Magellan and Tovar's Motion to Dismiss, a business entity cannot proceed pro se. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). If the Complaint is amended to add WHR as a party, WHR must be represented by licensed counsel. Because the Court grants the Motion to Dismiss, Plaintiffs' Motion is DENIED AS MOOT as to other forms of relief.[5]

---

[4] The exception is Benkirane's request for monetary damages due to his personal emotional distress.

[5] Magellan and Tovar requested the Court to compel arbitration if dismissal was not granted. Although the Court granted Magellan and Tovar's request to dismiss the case—thus mooting the arbitration issue—the Court notes two other reasons why arbitration should not be compelled here. First, the Agreement is only between Magellan and WHR. The Court cannot compel a party to arbitrate that is not bound by an arbitration clause. Secondly, not all claims in the Complaint are subject to the arbitration agreement. *Compare* Dkt. 2, at 20 *with* Dkt. 22-1, at 12.

## V. CONCLUSION

Because all of Benkirane's claims are related to alleged breaches of a contract to which he is not privy, the Complaint is DISMISSED for lack of standing. However, because Benkirane is pro se and amending the complaint to include the proper party would cure this issue, the Court GRANTS Benkirane leave to amend his complaint. Further, because Magellan and Tovar only asked for arbitration to be compelled in the event the Complaint was not dismissed, the request to compel arbitration is MOOT.

## VI. ORDER

**IT IS HEREBY ORDERED:**

1.  Magellan and Tovar's Motion to Dismiss (Dkt. 20) is GRANTED.

2.  Benkirane is GRANTED LEAVE TO AMEND the Complaint (Dkt. 2). Any amendment must be filed within 30 days of the entry of this order. Benkirane is reminded that if WHP, LLC intends to become a party, it must be represented by counsel.

3.  Magellan and Tovar's Motion to Compel Arbitration (Dkt. 20) is DENIED as MOOT.

4.  Magellan and Tovar's Motion to Seal (Dkt. 21) is GRANTED.

DATED: March 27, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER-6