Elhadi Benkirane
Plaintiff, Pro Se
305 N. Lincoln Street
Post Falls, ID 83854
562.391.1442
Benkirane.hadi@gmail.com

**U.S. COURTS**

APR 17 2026

Rcvd____ Filed ____ Time____ Mail
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ELHADI BENKIRANE, | *Case No. 2:25-cv-00314- DCN* |
| *Plaintiff,* | **PLAINTIFF'S NOTICE OF VERIFIED SERVICE ADDRESS FOR DEFENDANT DAVID WELSH AND MOTION TO RE-ATTEMPT SERVICE** |
| MAGELLAN HEALTHCARE, INC. DAVID WELSH; DAVID TOVAR; and DOES 1 through 10, | |
| *Defendants.* | |

## I. INTRODUCTION

Plaintiff Elhadi Benkirane respectfully submits this Notice and Motion to inform the Court that Plaintiff has identified a verified service address for Defendant David Welsh through diligent investigation and respectfully requests that the Court:

1. Direct the United States Marshal to re-attempt personal service on Welsh at his confirmed place of business

2. Extend the deadline for completing service on Welsh.

3. In the alternative, authorize service through alternative methods as described herein.

Plaintiff is proceeding In Forma Pauperis pursuant to this Court's Order of July 25, 2025. **Dkt. 5.** *Under 28 U.S.C. § 1915(d),* the officers of the court shall issue and serve all process in IFP cases. Plaintiff respectfully requests the Court's assistance in

ensuring that service on Welsh is completed at the correct verified address now identified.

## II. BACKGROUND

### A. Filing and IFP Status

Plaintiff filed his original Complaint on June 20, 2025. **Dkt. 2**. On July 25, 2025, this Court granted Plaintiff's Application for Leave to Proceed In Forma Pauperis, waiving all filing fees and directing the Marshal to serve process on Plaintiff's behalf. **Dkt. 5.**

### B. Plaintiff's Good Faith Submission of Defendant Addresses

On August 8, 2025, Plaintiff submitted what he believed in good faith to be the correct addresses for all Defendants, including Defendant Welsh, in response to this Court's Order. **Dkt. 6**. Plaintiff relied on the best information available to him at that time.

### C. Certificate of Clerk and Attempted Service on Welsh

On August 13, 2025, the Clerk issued a Certificate of Clerk and attempted to mail process to Defendant Welsh, Defendant Magellan Healthcare Inc., and Defendant David Tovar at the addresses submitted by Plaintiff. **Dkt. 7.**

### D. Service Was Successfully Completed on Magellan and Tovar

On September 10, 2025, Defendant Magellan Healthcare Inc. filed a Waiver of Service Executed, confirming that service was successfully completed. Dkt. 10. On October 9, 2025, Defendant David Tovar filed a Waiver of Service Executed, confirming that service was successfully completed on Tovar as well. **Dkt. 15.** Counsel for Magellan and Tovar entered appearances on September 10, 2025 and October 9, 2025 respectively. **Dkts. 11, 12, 16.**

### E. Service Failed on Welsh — Incorrect Address

On August 25, 2025, the mailing directed to Defendant David Welsh was returned to the Court undeliverable with the notation:

"Return to Sender / No Such Street / Unable to Forward."

**Dkt. 8.** No further service has been attempted on Defendant Welsh since that date. Welsh has not been served in this action.

### F. Defense Counsel Did Not Facilitate Service on Welsh

Notably, counsel for Defendants Magellan Healthcare Inc. and David Tovar, Trout & Jones PLLC and Crowell & Moring LLO, facilitated waiver of service for both Magellan and Tovar. **Dkts. 10, 15.** Despite representing the corporation of which Welsh serves as Chief Executive Officer, defense counsel has not extended the same courtesy to Welsh, has not accepted service on his behalf, and has not disclosed his correct service address to Plaintiff or the Court.

### G. The Court's March 27, 2026 Order

On March 27, 2026, this Court issued its Memorandum Decision and Order granting Defendants' Motion to Dismiss without prejudice and granting Plaintiff leave to file a First Amended Complaint within 30 days. **Dkt. 31.** Plaintiff timely filed his Motion for Leave to File First Amended Complaint and proposed First Amended Complaint on April 8, 2026, within the Court's deadline.

### H. Plaintiff's Diligent Investigation Identifies Welsh's Verified Address

Following the Court's March 27, 2026 Order, Plaintiff conducted diligent investigation to identify Defendant Welsh's correct service address through publicly available sources. That investigation confirms the following:

**First:** Defendant David Welsh is currently employed by Magellan Healthcare Inc. as Chief Executive Officer and Executive Director of Magellan Health of Idaho. This is confirmed by Welsh's public LinkedIn professional profile, which lists his current title, current employer, and current location as Boise, Idaho, and reflects activity as recently as one month ago.

**Second:** Welsh's confirmed current place of businessis:

**Magellan Healthcare of Idaho 333 W. Rossi StreetBoise, Idaho 83706**

This address is identified in official Idaho BehavioralHealth Plan programmaterials as the operational office of Magellan's Idaho operations; the same operations Welsh leads as Chief Executive Officer.

**Third:** Welsh operates on a hybrid basis, meaning he is physically present at 333 W. Rossi Street, Boise, Idaho 83706 on a regular and consistent basis during normal business hours.

**Fourth:** As confirmed by Defendants' own **Rule 7.1** Corporate Disclosure Statement filed September 12, 2025, Magellan Healthcare Inc. is a wholly owned subsidiary of Centene Corporation. Dkt. 14. Welsh serves as the Chief Executive Officer of Magellan's Idaho operations at the confirmed address above.

# III. LEGAL STANDARD

## A. Service at Place of Business Is Authorized

Federal Rule of Civil Procedure 4(e) authorizes service on an individual defendant by:

- Delivering a copy of the summons and complaint personally to the individual
- Leaving a copy at the individual's **usual place of business** with a person of suitable age and discretion who is employed there
- Following state law for serving a summons in the state where the district court is located.

Idaho *Rule of Civil Procedure 4(d)(1)* independently authorizes service at a person's usual place of business. Welsh's usual place of business is 333 W. Rossi Street, Boise, Idaho 83706. Service at this location is legally valid and authorized under both federal and Idaho rules.

## B. IFP Status Requires Court Assistance With Service

This Court granted Plaintiff's application to proceed In Forma Pauperis on July 25, 2025. **Dkt. 5.** *Under 28 U.S.C. § 1915(d),* when a plaintiff proceeds in forma pauperis the officers of the court shall issue and serve all process. The Court therefore has an affirmative obligation to assist Plaintiff in completing service on Welsh now that the correct address has been identified.

## C. Good Cause Exists to Extend the Service Deadline

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed the court must dismiss without prejudice or order that service be made within a specified time. However, if the plaintiff shows good cause for the failure, the court must extend the time for service.

Good cause exists here because:

- The prior service failure resulted from an incorrect address submitted in good faith, not from any lack of diligence by Plaintiff.
- Plaintiff is proceeding pro se and In Forma Pauperis without the resources of legal counsel
- Plaintiff has now conducted diligent investigation and identified Welsh's correct verified address
- The filing of the First Amended Complaint resets the service clock for Welsh as a named defendant
- No prejudice results to any party from an extension of time

Courts in the Ninth Circuit routinely extend service deadlines for pro se IFP plaintiffs who demonstrate good faith efforts to complete service. See *Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007)* (district courts have broad discretion to extend time for service).

# IV. ARGUMENT

## A. The Prior Service Failure Was Caused by an Incorrect Address Submitted in Good Faith

The service failure reflected in Dkt. 8 was not the result of Plaintiff's neglect or deliberate delay. Plaintiff submitted Welsh's address in good faith on August 8, 2025, relying on the best information available at that time. **Dkt. 6**. The Marshal attempted service on August 13, 2025. **Dkt. 7**. The mail was returned twelve days later as undeliverable. **Dkt. 8**. The notation "No Such Street" indicates the address submitted contained an error, not that Welsh was evading service at a correct address.

Plaintiff is a pro se litigant proceeding without counsel or the investigative resources of a law firm. Upon learning of the service failure, Plaintiff diligently investigated Welsh's correct location and has now identified his verified place of business with confidence.

## B. Welsh Is Confirmed at 333 W. Rossi Street, Boise, Idaho 83706

Plaintiff's investigation establishes through multiple independent sources that Welsh's current place of business is 333 W. Rossi Street, Boise, Idaho 83706:

**Source One — LinkedIn:** Welsh's public LinkedIn profile confirms he is currently employed as Chief Executive Officer and Executive Director of Magellan Health of Idaho, located in Boise, Idaho. Welsh's profile reflects professional activity as recently as one month ago, confirming active current employment.

**Source Two — Official Program Materials:** Official Idaho Behavioral Health Plan program materials identify 333 W. Rossi Street, Boise, Idaho 83706 as the operational office of Magellan's Idaho operations, the program Welsh leads.

**Source Three — Defense Counsel's Own Disclosure:** Defendants' **Rule 7.1** The Corporate Disclosure Statement confirms Welsh's employer, Magellan Healthcare Inc. operates in Idaho as a wholly owned subsidiary of Centene Corporation. **Dkt. 14.** This is not a speculative or uncertain address. It is Welsh's confirmed operational office, the location from which he leads the Idaho Behavioral Health Plan at the center of this litigation.

## C. Service at Welsh's Place of Business Is Legally Valid

Federal *Rule of Civil Procedure 4(e)* and Idaho *Rule of Civil Procedure 4(d)(1)* both expressly authorize service at an individual's usual place of business. Welsh's usual place of business is 333 W. Rossi Street, Boise, Idaho 83706. The Marshal may accomplish valid service by:

- Personally serving Welsh at that address during business hours when he is physically present
- Leaving copies of the summons and complaint with a person of suitable age and discretion employed at that location

Either method constitutes legally valid service under federal and Idaho rules.

## D. Defense Counsel Should Be Ordered to Accept Service or Disclose Welsh's Address

Defense counsel Trout & Jones PLLC and Crowell & Moring LLP appeared on behalf of Magellan Healthcare Inc. and David Tovar and facilitated waiver of service for both defendants. **Dkts. 10, 15**. These same firms represent Magellan Healthcare Inc., the corporation of which Welsh serves as Chief Executive Officer.

Defense counsel has not accepted service on Welsh's behalf, has not offered to facilitate service, and has not disclosed Welsh's correct address despite being in a position to do so. This Court has discretion to order defense counsel to either:

• Accept service of the First Amended Complaint on Welsh's behalf, or
• Disclose Welsh's correct personal service address within a specified number of days

Such an order would serve the interests of judicial efficiency and prevent further unnecessary delay in bringing all defendants properly before the Court.

### E. The First Amended Complaint Resets the Service Timeline

Plaintiff's Motion for Leave to File First Amended Complaint was filed on April 8, 2026 and is currently pending before the Court. Upon the Court's acceptance of the First Amended Complaint, Welsh remains a named defendant. The filing of an amended complaint that names a defendant provides a fresh basis for the service deadline under Rule 4(m). Plaintiff respectfully requests that the Court set a new 60-day service deadline for Welsh running from the date of this Order.

# V. ALTERNATIVE SERVICE REQUESTS

In the event the Court determines that additional authorization is required for service at Welsh's place of business or that Marshal service at 333 W. Rossi Street is unsuccessful, Plaintiff respectfully requests that the Court authorize one of the following alternative methods:

### Alternative One: Service Through Magellan's Registered Agent

Magellan Healthcare Inc. is a Delaware corporation registered to do business in Idaho and maintains a registered agent in Idaho for purposes of service of process. Service on Magellan's registered agent constitutes valid notice to the corporation and its officers acting in their official capacity under Idaho law.

### Alternative Two: Service Through Defense Counsel

Defense counsel Trout & Jones PLLC and Crowell & Moring LLP represent Magellan Healthcare Inc. and are in regular communication with Welsh in his capacity as the corporation's Chief Executive Officer. The Court may authorize service through these attorneys as agents authorized to receive service on Welsh's behalf.

### Alternative Three: Service by Publication

If Welsh cannot be personally served at his place of business after reasonable attempts, Plaintiff requests authorization to serve Welsh by publication in a newspaper of general circulation in Ada County, Idaho in accordance with Idaho *Rule of Civil Procedure 4(d) (4)*.

**Alternative Two: Service Through Defense Counsel**

Defense counsel Trout & Jones PLLC and Crowell & Moring LLP represent Magellan Healthcare Inc. and are in regular communication with Welsh in his capacity as the corporation's Chief Executive Officer. The Court may authorize service through these attorneys as agents authorized to receive service on Welsh's behalf.

**Alternative Three: Service by Publication**

If Welsh cannot be personally served at his place of business after reasonable attempts, Plaintiff requests authorization to serve Welsh by publication in a newspaper of general circulation in Ada County, Idaho in accordance with Idaho *Rule of Civil Procedure 4(d)(4)*.

# VI. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that this Court enter an Order:

1. Accepting this Notice of DefendantWelsh's verified service address at

**333 W. Rossi Street, Boise, Idaho 83706**

2. Directing the United States Marshalto re-attempt personal service on

    Defendant David Welsh at **333 W. Rossi Street, Boise, Idaho 83706** during normal business hours, with instructions to leave copies with a person of suitable age and discretion employed at that location if Welsh is not personally present

3. Extending the deadline for completion of service on Defendant David Welsh by **60 days** from the date of this Order

4. In the alternative, ordering defense counsel Trout & Jones PLLC and Crowell & Moring LLP to either accept service of the First Amended Complaint on Welsh's behalf or disclose Welsh's correct personal service address within **14 days** of the date of this Order

5. Granting such other and further relief as the Court deems just and proper

Respectfully submitted,                                     Dated: April 11, 2026

_____

Elhadi Benkirane Plaintiff, Pro Se
305 N. Lincoln Street Post Falls, ID 83854
(562) 391-1442
Benkirane.hadi@gmail.com