Kim J. Trout ISB# 2468
Alyssa R. Jones ISB# 12181
service@trout-law.com
Trout & Jones PLLC
3778 N. Plantation River Drive
Suite 101
Boise, ID 83703
Telephone:      (208) 577-5755
Facsimile:      (208) 557-5756

Christopher Flynn (*pro hac vice*)
 CFlynn@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:      (202) 624-2500
Facsimile:      (202) 628-5116

Neil Nandi (*pro hac vice*)
 NNandi@crowell.com
CROWELL & MORING LLP
300 N. LaSalle Dr.
Suite 2500
Chicago, IL 60654
Telephone:      (312) 321-4200
Facsimile:      (312) 321-4299

*Attorneys for Defendants*
*Magellan Healthcare Inc., David Welsh, and*
*David Tovar*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Elhadi Benkirane,<br>*Plaintiff*,<br><br>v.<br><br>Magellan Healthcare Inc., David Welsh, David Tovar, and Does 1-10,<br>*Defendants*. | Case No. 2:25-cv-00314-DCN<br><br><br><br>DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT |

1

Defendants Magellan Healthcare Inc. ("Magellan"), David Welsh, and David Tovar (together, "Defendants") hereby move to dismiss Plaintiff Elhadi Benkirane's ("Plaintiff" or "Benkirane") Amended Complaint under Rules 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiff Benkirane has again brought claims that he lacks standing to bring. The Court dismissed his first effort to do so and granted him leave to amend to add the party who has standing to pursue these claims. But Plaintiff did not do so. Instead, Plaintiff's Amended Complaint makes cosmetic changes to the original Complaint and presents the same dispute with the same improper Plaintiff as before. The Court should therefore dismiss the Amended Complaint under Rule 12(b)(1).

Additionally, if the Court proceeds to the merits of the Amended Complaint, the Court should dismiss under Rule 12(b)(6) because none of Plaintiff's claims state a viable cause of action, even if he were the correct party to bring them. All of his constitutional claims fail because Defendants are not state actors, and his due process claims fail due to the lack of an adequate liberty or property interest. His intentional interference claims also fail because Plaintiff continues to lack the facts necessary to pursue them, particularly in his personal capacity.

Finally, the Court should dismiss with prejudice. The Court provided Plaintiff with clear instructions on how he could plead a potentially viable complaint. He ignored those instructions. Further amendment would therefore be futile.

## BACKGROUND

I.    **The Original Complaint Asserted Claims Arising Out of the Termination of an Agreement to Which Plaintiff Was Not a Party.**

Magellan is a managed care organization ("MCO") that contracts with the Idaho Department of Health and Welfare to administer Medicaid behavioral health benefits under the Idaho Behavioral Health Plan. Dkt. No. 2 ("Compl.") ¶¶ 2, 4, 12. WHR IOP LLC ("WHR") is a behavioral health provider in Idaho which provides rehabilitation treatment to Medicare and Medicaid beneficiaries. *Id.*

¶ 1. In or around September 2024, WHR entered into the Agreement with Magellan to provide behavioral health services to Idaho Behavioral Health Plan members. *Id.* ¶ 11; *see also* Dkt. No. 20, Ex. A to Decl. of Susan Mercado ("Agreement") at 1. Plaintiff Elhadi Benkirane is not a party to the Agreement. Instead, the Agreement identifies him as WHR's "Executive Director." Agreement at 1. Plaintiff himself alleged that he is the owner and operator of WHR, Compl. ¶ 1. Plaintiff also alleged that Defendants David Welsh and David Tovar were officers of Magellan. *Id.* ¶¶ 3–4.

Magellan terminated the Agreement in May 2025 after discovering that WHR employed unqualified staff, operated without required supervision, and disregarded clinical and privacy standards. Compl. ¶¶ 21, 25. On June 20, 2025, Plaintiff filed his original Complaint *pro se* and *in forma pauperis*, asserting nine causes of action arising from that termination: (1) procedural due process, 42 U.S.C. § 1983; (2) substantive due process, 42 U.S.C. § 1983; (3) conspiracy to interfere with civil rights, 42 U.S.C. § 1985; (4) equal protection, 42 U.S.C. § 1983; (5) deprivation of rights under color of law, 42 U.S.C. § 1981; (6) breach of contract; (7) breach of the covenant of good faith and fair dealing, Idaho Code § 28-1-203; (8) intentional interference with business relations, Idaho Code § 6-2104; and (9) conspiracy to interfere with business relations. Compl. at ¶¶ 49–86.

## II.    The Court Dismissed the Original Complaint Due to Lack of Standing.

Magellan and Mr. Tovar[1] moved to dismiss the original Complaint under Rules 12(b)(1) and 12(b)(6) because Plaintiff Benkirane lacked standing to bring claims arising out of the Agreement between Magellan and WHR, any such claims were subject to a binding arbitration clause, and the Complaint failed to state a claim for relief on its merits. Dkt. No. 20-3. Plaintiff opposed the motion to dismiss. Dkt. No. 26. Plaintiff also attempted to voluntarily dismiss counts six and seven to avoid the arbitration clause, and the Court struck that voluntary dismissal. *See* Dkt. No. 27.

---

[1] Mr. Welsh had not been served at the time of the original motion to dismiss, but the undersigned counsel has since accepted service on his behalf. Dkt. No. 37.

On March 27, 2026, the Court granted Defendants' motion to dismiss for lack of standing because "all of Plaintiff's claims stem from the [Agreement]" between Magellan and WHR. Dkt. No. 31 at 4–5.[2] Further, "[m]ost of the relief requested by Benkirane, if granted, would go to make WHR whole rather than to compensate Benkirane directly," making WHR "without a doubt, the proper party in interest." *Id.* at 5. The Court granted Benkirane "leave to amend his Complaint to include the proper party." *Id.* at 1. In doing so, the Court cautioned that WHR "must be represented by licensed counsel" because "a business entity cannot proceed pro se." *Id.* at 5.

### III.   The Amended Complaint Asserts the Same Operative Facts and Causes of Action Without Adding WHR.

Plaintiff filed his Amended Complaint on April 15, 2026. Dkt. No. 33. As with the original Complaint, Benkirane is the only plaintiff; WHR is not a party. The core alleged facts are the same in the two complaints:

- Plaintiff had a key role at WHR, though the specifics of that role differs between complaints, *compare* Compl. ¶ 1 ("owner and operator") *and Am. Compl.* ¶ 19 ("founded and served as Executive Director");

- Magellan underpaid WHR for services, *compare* Compl. ¶ 15 *and* Am. Compl. ¶ 25;

- Defendants retaliated after Plaintiff threatened litigation, *compare* Compl. ¶¶ 14(c) & 16 *and* Am. Compl. ¶¶ 28 & 30;

- Defendants conducted a "surprise audit" of WHR on May 1, 2025, *compare* Compl. ¶ 21 *and* Am. Compl. ¶ 33;

- Mr. Tovar issued a deficiency letter on May 19, 2025, based on the audit findings, *compare* Compl. ¶ 25 *and* Am. Compl. ¶ 36;

---

[2] The Court did not reach the merits of the claims, and the Court denied the motion to compel arbitration as moot while noting that not all claims would be subject to the arbitration agreement. Dkt. No. 31 at 5 n.5.

- Defendants terminated the Agreement on May 27, 2025, *compare* Compl. ¶ 28 *and* Am. Compl. ¶ 40; and

- Plaintiff suffered harm as a result of these actions, including loss of livelihood, reputational harm, and emotional or mental distress, *compare, e.g.*, Compl. ¶ 45–48 *and* Am. Compl. ¶ 57.

Based on these alleged facts, the Amended Complaint asserts six causes of action, five of which appeared in the original Complaint:[3] (1) First Amendment Retaliation, 42 U.S.C. § 1983; (2) Procedural Due Process, 42 U.S.C. § 1983; (3) Substantive Due Process, 42 U.S.C. § 1983; (4) Equal Protection, 42 U.S.C. § 1983; (5) Intentional Interference with Business Relations; and (6) Conspiracy to Interfere with Business Relations. Am. Compl. ¶¶ 51–85. The only ostensibly new claim is the first, which attaches a First Amendment label to allegations of retaliation that appeared throughout the original Complaint. *See, e.g.*, Compl. ¶¶ 14–16, 58–59. The Amended Complaint also continues to assert damages and prayers for relief directly tied to WHR. *See* Am. Compl. ¶ 86(a) ("Loss of his position as Executive Director of WHR"); ¶ 89 (seeking "declaratory judgment that Defendants' termination of WHR" was "unconstitutional, retaliatory, and wrongful").

## ARGUMENT

When evaluating a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true," but that maxim is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Here, the legal labels and conclusions are the only differences between Plaintiff's original and Amended Complaints. WHR is the only party that has standing to pursue claims relating to the breach of the Agreement. Just like the original Complaint, all of the conduct Plaintiff alleges in the Amended Complaint was directed to WHR and all of the harm Plaintiff

---

[3] The Amended Complaint drops the original Complaint's breach of contract, breach of the covenant of good faith and fair dealing, § 1981 deprivation-of-rights, and § 1985 conspiracy claims.

allegedly suffered was at most derivative of harm to WHR. Plaintiff lacks standing to pursue WHR's claims, and Plaintiff disregarded the Court's order to add WHR as the party with standing.

In addition to the standing problem, the Amended Complaint also suffers from the same merits issues that the original Complaint did. Therefore, even if Plaintiff had standing, the Amended Complaint should still be dismissed under Rule 12(b)(6). And if Plaintiff had added WHR as a party, the matter should have proceeded to arbitration.

Because Plaintiff has refused to correct the issues with his original Complaint, and because he has given no indication that he can do so, the Court should dismiss with prejudice.

## I.    The Amended Complaint Does Not Solve the Standing Issue that Doomed the Original Complaint.

"[A] person not in privity cannot sue on a contract." *Wing v. Martin*, 688 P.2d 1172, 1177 (Idaho 1984). A "contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts." *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477 (2006); *see also* Dkt. No. 20-3 at 6–7. The Court held that "all of Plaintiff's claims [in the original Complaint] stem from the Agreement, which binds only Magellan and WHR." Dkt. No. 31 at 5. The same is true of the Amended Complaint. The Court should therefore dismiss the Amended Complaint on the same basis that Plaintiff Benkirane lacks standing to bring these claims.

Just like the original Complaint, every cause of action in the Amended Complaint relies upon the Agreement, to which Plaintiff is not a party:

- Count 1 (§ 1983 First Amendment): Defendants allegedly retaliated against Plaintiff by "terminating WHR IOP LLC's participation," Am. Compl. ¶¶ 55(c)–56;

- Count 2 (§ 1983 procedural due process): Defendants allegedly deprived Plaintiff of his protected property interest by "terminating WHR IOP LLC's participation," *id.* ¶¶ 60, 63(b);

- Count 3 (§ 1983 substantive due process): "Defendants' same-day termination of WHR IOP LLC's participation" allegedly deprived Plaintiff of his protected property interest, *id.* ¶¶ 68–69;

- Count 4 (§ 1983 equal protection): Defendants "terminat[ed] WHR IOP LLC's participation," *id.* ¶ 75;

- Count 5 (intentional interference with business relations): "Defendants intentionally interfered with these personal business relationships through [ ] wrongfully terminating WHR IOP LLC's participation to destroy Plaintiff's ability to practice," *id.* ¶ 81(a);

- Count 6 (conspiracy to interfere with business relations): "Defendants conspired to . . . [the] same-day termination," *id.* ¶ 84.

The Amended Complaint's only nominally new claim—First Amendment retaliation—simply gives a constitutional label to the retaliation theory from the original Complaint. Compl. ¶¶ 14(c), 16, 58–60. Further, all of the alleged retaliatory acts were directed to WHR: surprise audits, deficiency letter, and terminating the Agreement. Am. Compl. ¶ 55. Even the Prayer for Relief asks this Court to declare that "Defendants' termination of WHR IOP LLC's participation . . . was unconstitutional, retaliatory, and wrongful." *Id.* ¶ 89. And Plaintiff concedes that his loss of income, position, and professional standing all flowed from WHR losing the Magellan contract, which led to his termination as Executive Director. *Id.* ¶¶ 43.3, 86(a).

In sum, all of Plaintiff's claims for relief and alleged damages result from alleged harms to WHR. His primary attempt to recast these alleged corporate injuries as personal ones is to argue that Defendants engaged with him personally, including by directing the termination letter to "Elhadi Benkirane, **OWNER**." Am. Compl. ¶¶ 4, 24. But as Plaintiff's emphasis of "**OWNER**" shows, the only reason Defendants interacted with Plaintiff was because he was the representative of WHR. Plaintiff lacks standing to assert these types of derivative claims. *Cf. Partout v. Harper*, 183 P.3d 771, 775 (Idaho 2008) (holding that a third party could not enforce a contract because he could not "show

7

the contract was made primarily for his benefit; it is not sufficient that the third party is a mere incidental beneficiary to the contract").[4]

Beyond merely repleading the same case with a change in labels, Plaintiff also disregarded the Court's order granting the motion to dismiss. Specifically, the Court granted "Benkirane leave to amend his Complaint to include the proper party"—WHR. *Id.* at 1. Plaintiff did not do so. This failure to comply with the Court's directive also warrants dismissal. *See Dana v. Campbell*, No. 1:18-CV-00298-DCN, 2025 WL 1827042, at *3–4 (D. Idaho July 1, 2025) (dismissing third amended complaint where plaintiff "*did little to nothing*" to comply with the court's directive, finding that "simply replacing" names without new factual allegations did not remedy the pleading deficiencies).

For these reasons, the Court should dismiss the Amended Complaint in full.

## II.     The Amended Complaint Fails to State a Claim for Relief.

The Court need not proceed to the merits to resolve this Motion, but if it does, those merits also warrant dismissal. The Amended Complaint adds no new facts that cure any defect in the original Complaint. Therefore, for the reasons Defendants Magellan and Tovar asserted in their Motion to Dismiss—which all Defendants incorporate here—the Amended Complaint should be dismissed in full under Rule 12(b)(6). *See* Motion to Dismiss Original Compl., Dkt. No. 20-3; Reply in Support of Motion to Dismiss Original Compl., Dkt. No. 30. Defendants briefly summarize these bases below.

### A.     Plaintiff's Section 1983 Claims Fail Because Defendants Are Not State Actors (Counts 1–4).

A § 1983 claim requires Plaintiff to allege that Defendants acted "under color of state law." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021); *see* Dkt. No. 20-3 at 12–15. The Amended Complaint alleges state action on the same basis as the original Complaint—that

---

[4] Consistent with the Court's prior order, Defendants would have moved to compel arbitration had WHR been added as a party, even on claims that are not directly for breach of contract. *See* Dkt. 20-3 at 9–11. Allowing Plaintiff to recast injuries to WHR as personal injuries would thus also allow him to undermine the arbitration agreement between WHR and Plaintiff.

Magellan contracts with the Idaho Department of Health and Welfare, exercises authority over Medicaid provider networks, implements state policy, and performs governmental functions. *Compare* Am. Compl. ¶¶ 14–18 *with* Compl. ¶ 44. But an MCO administering Medicaid benefits through a state contract does not become a state actor by virtue of that relationship. *See Prince George's Hosp. Center v. Advantage Healthplan Inc.*, 865 F. Supp. 2d 47, 54 (D.D.C. 2012) (granting dismissal in part because an MCO is **"not deemed a state actor by virtue of its contract with the state"**) (emphasis added); *Tipton v. Viaquest Behavioral Health of Pa., LLC*, Civil Action No. 10-3573, 2010 WL 5258473, at *2, 4 (E.D. Pa. Dec. 23, 2010) (dismissing § 1983 against MCO because it "**is alleged only to have administered Medicaid benefits to its members** including the minor plaintiff") (emphasis added).

The Court should therefore dismiss Counts 1 through 4.

## B.     Plaintiff's Due Process Claims Also Fail For Lack of a Cognizable Property or Liberty Interest (Counts 1–3).

Beyond the state actor problem, a "threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Stiesberg v. State of Cal.*, 80 F.3d 353, 356 (9th Cir. 1996). In the original Complaint, Plaintiff claimed a property interest in "the contractual relationship and network participation with Magellan." Compl. ¶ 52. But a provider "does not possess a property interest in continued participation in Medicare, Medicaid, or the federally-funded state health care programs." *See* Dkt. No. 20-3 at 15–17, *citing, inter alia, Guzman v. Shewry*, 552 F.3d 941, 953 (9th Cir. 2009). The Amended Complaint reframes the interest as "a protected liberty and property interest in his livelihood and professional practice as a Medicaid behavioral health provider." Am. Compl. ¶¶ 60, 67. Whatever label Plaintiff uses, the interest he asserts is continued participation in Magellan's Medicaid provider network—precisely what *Guzman* holds no provider possesses. *See* Dkt. No. 20-3 at 15–17; Dkt. No. 30 at 8–9.

Counts 1 through 3 should be dismissed on this independent ground.

**C.    Plaintiff's Equal Protection Claim Fails Because He Does Not Allege Any Facts Showing That He Was Similarly Situated to Providers Whom Defendants Allegedly Treated Differently (Count 4).**

To survive on a class-of-one equal protection theory like the one Plaintiff asserts, Plaintiff must plead facts showing an "extremely high degree of similarity" to purported comparators "in all material respects." *See* Dkt. No. 20-3 at 17–18 (citing *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022)). But the Amended Complaint, like the original Complaint, identifies no specific comparator and offers no facts showing that any other provider was similarly situated to WHR under the Agreement. *Compare* Am. Compl. ¶¶ 75–76 *with* Compl. ¶¶ 31–32. Count 4 should be dismissed on this ground, in addition to the absence of state action. *See* Dkt. No. 20-3 at 17–18; *Evans Creek, LLC v. City of Reno*, No. 21-16620, 2022 WL 14955145, at *2 (9th Cir. Oct. 26, 2022) (affirming dismissal of class-of-one claim when plaintiff pleaded "virtually none of the material facts" for "similarly situated" analysis).

**D.    Plaintiff's Intentional Interference Claims Fail Because Plaintiff Has Not Pleaded Cognizable Harm (Counts 5–6).**

The Amended Complaint's allegations of intentional interference highlight Plaintiff's standing problem: any alleged interference related to actions that Defendants allegedly directed to WHR, not to Plaintiff personally. *See* Am. Compl. ¶ 81 (terminating WHR Agreement and telling a patient that WHR terminated the Agreement); *id.* ¶ 49.1 (alleging that exclusion from a committee prevented him from "rais[ing] concerns about Defendants' conduct"). The only new alleged act of interference was Plaintiff being absent from a provider committee. *Id.* ¶ 81(c)[5]. But Plaintiff does not assert that he had any economic expectancy in that committee or that he "lost any particular business expectancy" as a result of being absent. *Flsmidth Spokane, Inc. v. Emerson*, 2014 WL 2711790, at *9 (D. Idaho June 16, 2014). Similar deficiencies defeat his other allegations of interference. *See* Dkt. No. 20-3 at 18–20.

---

[5] Plaintiff cites Exhibit R for this termination, but the Amended Complaint contains no Exhibit R.

For these reasons and those stated in Defendants' original motion to dismiss, the Court should dismiss Counts 5 and 6.

## III.    Dismissal With Prejudice Is Warranted.

Only by adding WHR as a party could Plaintiff have potentially pleaded a viable complaint. The Court therefore gave Plaintiff the opportunity to add WHR, and Plaintiff refused. Even adding WHR would not fix the substantive deficiencies in Plaintiff's claims. Where further amendment would be futile, dismissal with prejudice is appropriate. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming dismissal of complaint without leave to amend when "any amendment would be futile" because no amendment would alter the court's core legal conclusions). Amendment is futile here.

## CONCLUSION

For the reasons stated above and in Defendants' Motion to Dismiss the Original Complaint, Defendants respectfully ask the Court to dismiss the Amended Complaint with prejudice.

April 29, 2026                          By:    /s/  Alyssa R. Jones
                                                Kim J. Trout
                                                Alyssa R. Jones
                                                Christopher Flynn
                                                Neil Nandi

                                                *Attorneys for Defendants*
                                                *Magellan Healthcare Inc., David Welsh, and*
                                                *David Tovar*

11