Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd ,
Riverside CA 92507
562.391.1442
Benkirane.hadi@gmail.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| . | *Case No. 2:25-cv-00314-DCN* |
| ELHADI BENKIRANE,<br>　　　　　　*Plaintiff*, | |
| v. | **PLAINTIFF'S NOTICE OF**<br>**SUPPLEMENTAL AUTHORITY** |
| MAGELLAN HEALTHCARE, INC.<br>DAVID WELSH; DAVID TOVAR; and<br>DOES  1 through 10, | |
| 　　　　　　*Defendants.* | Hon. David C. Nye<br>United States District Judge |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

1. Plaintiff Elhadi Benkirane, appearing pro se, respectfully submits this Notice of Supplemental Authority pursuant to Local Civil Rule 7.1 and the Court's inherent authority to receive relevant information bearing on pending motions. Plaintiff does not seek additional briefing. Plaintiff brings three developments to the Court's attention because they bear directly on the state-action question presently before the Court on Defendants' Second Motion to Dismiss (Dkt. 40).

1

# I.SUPPLEMENTAL AUTHORITY AND FACTUAL DEVELOPMENTS

## A.Pending Ownership Transfer of the Sole IBHP Administrator

2. On February 13, 2026, Centene Corporation announced a definitive agreement to divest Magellan Health Services Incorporated and related Magellan subsidiaries to Madison Health Group ("MHG"), a newly formed entity. The announcement confirmed that the transaction is "subject to the satisfaction of customary closing conditions, including regulatory approvals." See Exhibit 1 (BH Business, Feb. 17, 2026). Madison Health Group was formed for the specific purpose of this transaction and has no existing business segments.

3. As of the date of this Notice, the transaction has not closed. On March 19, 2026, the California Office of Health Care Affordability ("OHCA") commenced its review under Material Change Transaction Notice No. 2026-01-31-1476. The OHCA requires a 90-day advance notice before any qualifying transaction may close. See Exhibit 2 (OHCA MCN No. 2026-01-31-1476, Review Start Date: March 19, 2026). The notice was submitted on behalf of Centene and the Magellan entities by Megan Beaver of Crowell and Moring LLP, San Francisco.

4. Crowell and Moring LLP is the same law firm representing Defendants in the present action. Christopher Flynn and Neil Nandi of Crowell and Moring are counsel of record for Defendants in Case No. 2:25-cv-00314-DCN. The same firm that is arguing before this Court that Magellan is a purely private actor not subject to constitutional scrutiny is simultaneously the firm that filed a government regulatory notice acknowledging that Magellan's ownership cannot change without state approval. That regulatory filing is attached as Exhibit 2.

5. The Idaho Department of Health and Welfare ("IDHW") website, as of May 29, 2026, continues to list Magellan Healthcare as the sole administrator of the Idaho Behavioral Health Plan ("IBHP") with no public notice or acknowledgment of the pending ownership change. See Exhibit 3 (IDHW Website Screenshot, May 29, 2026).

IDHW has issued no public statement approving, denying, or acknowledging the pending transfer of authority over its $1.216 billion behavioral health contract (CPO20231744) to a newly formed entity.

## B. Relevance to the State-Action Question

6. Defendants argue that Magellan is a private actor not subject to 42 U.S.C. section 1983. The pending ownership transfer and the OHCA regulatory filing are directly relevant to that question for the following reasons.

- First, the fact that a change in the ultimate ownership of the IBHP administrator requires state regulatory approval confirms that Magellan does not operate as an independent private entity. A contractor exercising purely commercial discretion may freely sell itself without state permission. The regulatory structure here does not permit that. Idaho's continued authority to approve or reject who administers behavioral health services for 425,000 Medicaid beneficiaries is precisely the kind of substantial entwinement recognized in Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001), and Rawson v. Recovery Innovations, Inc., 975 F.3d 742 (9th Cir. 2020).

- Second, the OHCA filing itself discloses a direct contradiction between Defendants' litigation position and their regulatory conduct. In this proceeding, Defendants assert that Magellan operates as a purely private actor. In the OHCA filing, the same counsel acknowledged that Magellan's very ownership structure is subject to state regulatory review and approval. That contradiction is documented in the official regulatory filing attached as Exhibit 2.

- Third, the absence of any IDHW notice or approval, despite the transaction having been publicly announced more than three months ago, further supports the inference that the State regards this contract as subject to its ongoing oversight and consent. See Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961) (symbiotic relationship between state and private entity supports state-action finding where the state's involvement pervades the entity's operations).

**C. Document Preservation During Ownership Transition**

7. Plaintiff further notifies the Court that the pending corporate transition presents a document preservation risk. During ownership transitions of this nature, information technology systems are frequently migrated, archived, or consolidated. Electronic communications, compliance records, audit files, and enforcement documentation from the relevant period (January 2025 through the present) may be at risk of loss or inaccessibility during the transition.

8. Plaintiff has separately transmitted written litigation hold demands to defense counsel of record, Centene Corporation's General Counsel, and Magellan Healthcare, Inc., identifying specific categories of documents subject to preservation obligations in connection with Case No. 2:25-cv-00314-DCN. Plaintiff respectfully requests that the Court note this preservation concern for the record.

## II. CONCLUSION

9. Plaintiff respectfully brings these developments to the Court's attention as supplemental authority and factual information bearing on the pending motion. No additional briefing is requested. The exhibits attached hereto are offered to document the factual basis for the matters described above.

Respectfully submitted,

DATED: June 1, 2026

*Benkirane*

/s/ Elhadi Benkirane
Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd,
Riverside CA 92507
562.391.1442
Benkirane.hadi@gmail.com