Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd ,
Riverside CA 92507
562.391.1442
Benkirane.hadi@gmail.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| . | *Case No. 2:25-cv-00314-DCN* |
| ELHADI BENKIRANE,<br>　　　　　　*Plaintiff*, | |
| v. | **EXHIBIT LIST TO PLAINTIFF'S** |
| MAGELLAN HEALTHCARE, INC. | **NOTICE OF SUPPLEMENTAL** |
| DAVID WELSH; DAVID TOVAR; and | **AUTHORITY** |
| DOES  1 through 10,<br>　　　　　　*Defendants.* | |
| | Hon. David C. Nye |
| | United States District Judge |

Pursuant to Plaintiff's Notice of Supplemental Authority filed June 1, 2026, Plaintiff Elhadi Benkirane hereby identifies the following three exhibits submitted in support of that Notice. Each exhibit constitutes a primary or contemporaneous source document bearing on the state-action question pending before the Court on Defendants' Second Motion to Dismiss (Dkt. 40).

## EXHIBIT 1

**BH Business, "Magellan Health to Become Independent Again Under Madison Health Group Deal" (Feb. 17, 2026).**

Confirms that the agreement between Centene Corporation and Madison Health Group for the divestiture of Magellan Health Services Incorporated and related subsidiaries is "subject to the satisfaction of customary closing conditions, including regulatory approvals." Establishes that the transaction, announced February 13, 2026, remains pending as of the date of this Notice and requires affirmative regulatory approval before it may close. Madison Health Group is described as a corporation formed for the specific purpose of this transaction with no existing business segments, confirming it is a newly formed entity with no prior operational history.

Source: bhbusiness.com/2026/02/17/magellan-health-to-become-independent-again-under-madison-health-group-deal/

## EXHIBIT 2

**California Office of Health Care Affordability (OHCA), Material Change Transaction Notice No. 2026-01-31-1476 (Centene Corporation / Madison Health Group), OHCA Review Start Date: March 19, 2026.**

Official regulatory filing submitted to the California Office of Health Care Affordability confirming that state regulatory approval is required before Magellan's ownership may be transferred. The notice was submitted on behalf of the Centene and Magellan entities by Megan Beaver of Crowell and Moring LLP, San Francisco -- the same law firm representing Defendants in the present action (Christopher Flynn and Neil Nandi of Crowell and Moring are counsel of record for Defendants in Case No. 2:25-cv-00314-DCN). The filing discloses that Madison Health Group was formed for the specific purpose of the transaction and confirms that multiple Magellan entities require government approval before the ownership transfer may occur. This official government filing directly contradicts the litigation position that Magellan is a purely private actor operating free of state oversight.

Source: hcai.ca.gov/affordability/ohca/assess-market-consolidation/material-change-transaction-notices-mcn-and-cost-and-market-impact-review-cmir/

**EXHIBIT 3**

**Idaho Department of Health and Welfare (IDHW), Behavioral Health Managed Care Providers Page -- Screenshot taken May 29, 2026.**

Screenshot of the IDHW official website as of May 29, 2026, confirming that Magellan Healthcare, Inc. remains listed as the sole administrator of the Idaho Behavioral Health Plan (IBHP) serving approximately 425,000 Medicaid beneficiaries. As of the date of this filing, IDHW has issued no public notice, approval, waiver, or acknowledgment of the pending ownership change from Centene Corporation to Madison Health Group. The State of Idaho has not publicly confirmed that it has consented to, or even been formally notified of, the transfer of administrative authority over its $1.216 billion IBHP contract (CPO20231744) to a newly formed entity. The absence of any state action or public statement on this ownership change, more than three months after the transaction was announced, further supports the inference that Idaho regards this contract as subject to its ongoing oversight and consent -- consistent with the entwinement theory advanced by Plaintiff under Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288 (2001), and Rawson v. Recovery Innovations, Inc., 975 F.3d 742 (9th Cir. 2020).

3