Kim J. Trout ISB# 2468
Alyssa R. Jones ISB# 12181
service@trout-law.com
Trout & Jones PLLC
3778 N. Plantation River Drive
Suite 101
Boise, ID 83703
Telephone:    (208) 577-5755
Facsimile:    (208) 557-5756

Christopher Flynn (*pro hac vice*)
 CFlynn@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:    (202) 624-2500
Facsimile:    (202) 628-5116

Neil Nandi (*pro hac vice*)
 NNandi@crowell.com
CROWELL & MORING LLP
300 N. LaSalle Dr.
Suite 2500
Chicago, IL 60654
Telephone:    (312) 321-4200
Facsimile:    (312) 321-4299

*Attorneys for Defendants
Magellan Healthcare Inc., David Welsh, and
David Tovar*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Elhadi Benkirane,<br>*Plaintiff*,<br><br>v.<br><br>Magellan Healthcare Inc., David Welsh, David Tovar, and Does 1-10,<br>*Defendants*. | Case No. 2:25-cv-00314-DCN<br><br><br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 1**

On March 27, 2026, the Court dismissed this lawsuit and granted Plaintiff Benkirane leave to amend his Complaint to include WHR IOP LLC, the entity that is "without a doubt, the proper party in interest." Dkt. No. 31 at 1, 5. As of today, WHR IOP remains absent from this litigation. Instead, in the nearly three months since dismissal, Plaintiff Benkirane, on behalf of himself, has filed the following:

- On April 15, 2026, a First Amended Complaint that asserted the same basic facts as the Original Complaint without adding WHR IOP as a party (Dkt. No. 33);

- On May 17, 2026, an opposition to Defendants' motion to dismiss that included 97 pages of exhibits (Dkt. No. 43);

- On May 31, 2026, supplemental authority to Plaintiff's opposition that included 24 pages of exhibits (Dkt. No. 44);

- On June 2, 2026—the day after the motion to dismiss was fully briefed—a motion for leave to file a sur-reply and a Second Amended Complaint (Dkt. No. 46) ("Mot. for Leave");

- On June 12, 2026, a supplemental brief in support of the motion for leave to file a sur-reply with an additional 50 pages of exhibits (Dkt. No. 47).

The quantity of materials Plaintiff has filed does not mask their procedural and substantive deficiencies. Compounding these deficiencies, Plaintiff's motion for leave to file a sur-reply includes fabricated quotations from two of the cases it cites. *See, e.g.*, Mot. for Leave at 2 (language quoted from *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032 (9th Cir. 2003) does not appear in the case); *id.* at 10 (language quoted from *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) does not appear in the case).

Defendants have already addressed the First Amended Complaint, the opposition and its exhibits, and Plaintiff's supplemental authority in their motion to dismiss briefing. *See* Dkt. No. 40

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 2**

(Mot. to Dismiss) & 45 (Reply Br.). Defendants now ask this Court to deny Plaintiff's motion for leave to file a sur-reply and a Second Amended Complaint.

## I.    Plaintiff's Motion for Leave Is an Unauthorized Sur-Reply.

As a threshold matter, the Court should strike Plaintiff's motion because, in substance, it is the sur-reply Plaintiff claims he needs leave to file. Local Rule 7.1(d)(1) requires a party seeking to file a sur-reply to request leave of the Court. If the party files the sur-reply without receiving such permission, the Court may strike the sur-reply. *See, e.g.*, *Winn v. Blades*, No. 1:16-CV-00390-BLW, 2018 WL 297567, at *2 (D. Idaho Jan. 4, 2018) (striking multiple unauthorized sur-replies because petitioner did not seek leave of the court before filing his sur-replies); *Alternate Energy Holdings, Inc. v. Giorgi*, No. 1:14-cv-00225-EJL-REB, 2017 WL 187139, at *4 (D. Idaho Jan. 17, 2017) (striking unauthorized sur-reply). Although *pro se* filings are liberally construed, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacy v. Maricopa Cnty.,* 693 F.3d 896 (9th Cir. 2012).

Plaintiff's motion does not just request leave. It includes multiple pages of detailed legal arguments under the heading "Plaintiff's Proposed Sur-Reply Arguments." Mot. for Leave at 4–6. That is the sur-reply. Because it is unauthorized, the Court should strike it. For similar reasons, the Court should strike Plaintiff's supplemental memorandum in support of the sur-reply, which is another serial filing with no procedural basis or authorization. Dkt. No. 47.

## II.    No Sur-Reply is Warranted Because Defendants Did Not Raise New Arguments in Their Reply.

Sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Ingram Mouser*, No. 1:19-CV-00308-DCN, 2023 WL 1822293, at *1 (D. Idaho Feb. 8, 2023) (cleaned up). A court may deny a motion for a sur-reply absent extraordinary circumstances, such as when a party raises new issues or evidence in its reply brief. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 3**

Defendants' Reply presented neither new arguments nor new evidence. Instead, Plaintiff asks for a sur-reply to address arguments that Defendants raised in their opening brief on the motion to dismiss, or to address Defendants' rebuttal of Plaintiff's opposition arguments. Those are insufficient bases to justify a sur-reply.

### A. Plaintiff Seeks a Sur-Reply to Address Arguments He Could Have Addressed in His Opposition Brief.

Plaintiff contends that a sur-reply is necessary, in part, because the "most consequential new argument appears for the first time in [Defendants'] Reply: that Plaintiff not merely lacked standing, but that Plaintiff 'disregarded' this Court's March 27, 2026 Order." Mot. for Leave at 2–3. But in fact, the word "disregard" did not appear in Defendants' Reply at all. Instead, Defendants' opening brief stated: "Plaintiff disregarded the Court's order to add WHR as the party with standing," Mot. to Dismiss at 6, and "Plaintiff also disregarded the Court's order granting the motion to dismiss," *id.* at 8. Defendants' Reply reiterated that "the Court gave Plaintiff a clear roadmap" and he "chose not to follow it." Reply Br. at 10.

Plaintiff also claims that he needs a sur-reply to distinguish *Dana v. Campbell*, No. 1:18-CV-00298-DCN, 2025 WL 1827042 (D. Idaho July 1, 2025). *See* Mot. for Leave at 4–5. Once more, however, Defendants cited *Dana* in their opening brief. *See* Mot. to Dismiss at 8.

Plaintiff had these arguments before him when he filed his Opposition. He did not address them. Plaintiff therefore is not entitled to address them now. *See Hathaway v. Idaho Pac. Corp.*, No. 4:15-CV-00086-DCN, 2020 WL 2858003, at *3–4 (D. Idaho June 2, 2020) (denying motion for leave to file a sur-reply because reply raised no new issues or arguments).

### B. The Additional Cases that Defendants Cited in the Reply Support Arguments from Defendants' Opening Memorandum.

Plaintiff next argues that Defendants' citations to *Wisdom v. Centerville Fire District, Inc.,* No. CV07-95-S-EJL, 2008 WL 4372009 (D. Idaho Sept. 22, 2008)*, aff'd*, 391 F. App'x 580 (9th Cir. 2010)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 4**

and *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595 (9th Cir. 2014), constitute new case law that warrant a sur-reply. Mot. for Leave at 4. They do not.

Citing additional authority in a reply to reinforce a previously raised argument or to rebut a new argument raised in opposition is not a basis for a sur-reply. *See Hajjar v. St. Luke's Health Sys., Ltd.*, No. 1:23-CV-00367-AKB, 2025 WL 2465999, at *3 (D. Idaho Aug. 27, 2025), *appeal filed*, No. 25-6120, (9th Cir. Sept. 29, 2025) (denying plaintiff's motion for leave to file sur-reply where plaintiffs argued that defendants raised new arguments by citing cases that had not been previously raised). And that is exactly how Defendants invoked the cases Plaintiff challenges now. *Wisdom* stands for the proposition that "it is not sufficient for the plaintiff to assert a personal economic injury resulting from a wrong to the corporation,"—a direct application of the same standing argument in the opening Memorandum. *Wisdom*, 2008 WL 4372009 at *10; *compare* Reply Br. at 2, *with* Mot. to Dismiss at 6–8. Defendants cited *Airs Aromatics* in a footnote to respond to Plaintiff's attempt to relabel himself as a "provider" in the Amended Complaint after calling himself the "owner and operator" of WHR in the original Complaint. Reply Br. at 4, n.2. These are not new arguments. They are additional citations supporting arguments Plaintiff already had the opportunity to respond to. A sur-reply is therefore not appropriate.

### C.    Defendants' Reply Brief Appropriately Addressed the Exhibits that Plaintiff Attached to His Opposition in the First Instance.

Finally, Plaintiff argues that Defendants raised a "new factual argument" in the Reply by analyzing the "we," "us," and "our" language in Plaintiff's exhibits and characterizing Plaintiff's damages as WHR's. Mot. for Leave at 4.

This turns the sequence of events on its head. Plaintiff attached 97 pages of exhibits to his opposition—documents that were not in the record when Defendants filed their opening brief. Defendants had no opportunity to analyze those exhibits before the opposition was filed. Responding to them in the Reply was both proper and necessary. *See Health Freedom Def. Fund, Inc. v. US Freedom*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 5**

*Flyers, Inc.*, No. 4:23-CV-00380-AKB, 2024 WL 3332768, at *5 (D. Idaho July 2, 2024) (citing *Alaska Oil & Gas Ass'n v. Salazar*, No. 3:11-CV-0025-RRB, 2012 WL 12871656, at *1 (D. Alaska July 10, 2012)) (noting that a reply brief may properly respond to and rebut arguments raised in the opposition brief).

Plaintiff has not asserted any valid basis for a sur-reply. His request for leave should therefore be denied.

## III.    The Court Should Deny Leave to File the Second Amended Complaint.

Motions to amend are analyzed under Federal Rule of Civil Procedure 15(a), a liberal standard under which leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Where the defects in the complaint cannot be cured by amendment, the claims should be dismissed with prejudice. *See Sykes v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-CV-377-BLW, 2012 WL 914922, at *11 (D. Idaho Mar. 15, 2012).

A *pro se* plaintiff does not enjoy unlimited opportunities to amend his complaint. *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming the district court's dismissal of the plaintiff's third amended complaint without leave to amend when it failed to cure the pleading deficiencies). When a *pro se* plaintiff fails to cure deficiencies that the court has previously identified, dismissal without leave to amend is appropriate. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed the *pro se* plaintiff regarding the deficiencies in a prior order and granted leave to amend); *cf. Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 6**

When this Court dismissed Plaintiff's original Complaint, it provided clear guidance to Plaintiff on how to file a viable complaint for the facts alleged: add WHR IOP as a party. Dkt. No. 31 at 5. Plaintiff used that leave to amend to file the First Amended Complaint, which did not include WHR IOP as a party. Dkt. No. 33. This did not cure the standing deficiency that led to dismissal of the original Complaint, and Defendants therefore moved to dismiss the First Amended Complaint. *See* Dkt. No. 40-1. The Second Amended Complaint does not solve the issue either—it is the same reframing exercise attempted a third time, now compounded by factual contradictions with Plaintiff's own prior filings. Further amendment would be futile and leave to amend should be denied. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

A.    **The Underlying Facts Have Not Changed.**

Three versions of this complaint have now been filed. All three rest on the same core allegations. First, Plaintiff was the Owner of WHR. *See* Dkt. No. 2 at ¶ 1; Dkt. No. 33 at ¶¶ 9, 19; Dkt. No. 46-1 at ¶ 6.[1] Second, Magellan terminated its contract with WHR. *See* Dkt. No. 2 at 1; Dkt. No. 33 at ¶¶ 43, 47; Dkt. No. 46-1 at ¶ 2. Third, Plaintiff lost his position at WHR as a result. *See* Dkt. No. 2 at ¶ 47; Dkt. No. 33 at ¶ 43.3, 86(a); Dkt. 46-1 at ¶¶ 5(a), 22. Nothing in the proposed Second Amended Complaint changes those facts. Plaintiff simply redescribes the same events in language he hopes will survive dismissal. He acknowledges as much, admitting that the "SAC reframes the standing narrative to make clear that Defendants targeted Plaintiff personally," and "reframes all factual allegations about WHR." Mot. for Leave at 7–8.

---

[1] Plaintiff refers to himself as the "Owner" of WHR in his original Complaint, Dkt. No. 2 at ¶ 1, but in subsequent amended complaints removes that title and shifts to "Executive Director." *See* Dkt. No. 33 at ¶¶ 9, 19; Dkt. No. 46-1 at ¶ 6. A plaintiff may not use an amended complaint to plead facts that contradict prior allegations. *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)) ("A party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'").

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 7**

When evaluating a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true," but that maxim is "inapplicable to legal conclusions." Mot. to Dismiss at 5; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The claims set forth in a complaint are judged by the substance of what is alleged, not how it is labeled." *Swain v. CMG Mortgage Inc.*, No. 25-cv-05578, 2025 WL 2509146 (W.D. Wash. Sep. 2, 2025) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1286 (4th ed. 2023) ("A pleading will be judged by the quality of its substance rather than according to its form or label."); *cf. Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories.").

Because Plaintiff's proposed Second Amended Complaint merely relabels the same facts that gave rise to the Original and First Amended Complaint, the Second Amended Complaint fails for the same reasons that the Court dismissed the Original Complaint and that Defendants articulated in their motion to dismiss the First Amended Complaint.[2]

**B.      The SAC Contradicts Plaintiff's Prior Filings.**

An amended complaint's allegations may not "contradict[] any of the allegations of [the] original complaint," or allege facts inconsistent with the original pleading. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990). Yet that is exactly what Plaintiff's proposed Second Amended Complaint does.

The Original Complaint, filed on June 20, 2025, asserted that Plaintiff was the "owner and operator" of WHR IOP. Dkt. No. 2 at 2; *see also id.* at ¶ 1 ("Plaintiff ELHADI BENKIRANE is . . . the owner and operator of WHR IOP."). It also alleged that Plaintiff had already closed WHR IOP at

---

[2] The various exhibits that Plaintiff attached to his motion for leave also do not salvage his individual claims. For example, Plaintiff includes numerous exhibits seemingly to try to establish that a managed care organization administering Medicaid benefits through a state contract is a state actor. Dkt. No. 47-1–3. But the law clearly establishes otherwise. *See* Mot. to Dismiss at 9; Reply Br. at 5–8.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 8**

that time. *See id.* ¶ 45 (Plaintiff alleged that he "was forced to cease operations of his practice immediately"—calling WHR his practice).

Yet now, that timeline and Plaintiff's relationship with WHR IOP has changed. In the declaration accompanying the proposed Second Amended Complaint, Plaintiff no longer had an ownership stake in WHR IOP. Instead, WHR "terminated [his] employment," "[he] do[es] not control WHR," and he has "no authority to act on its behalf." Dkt. 46-1 ¶¶ 2–3. Further, that alleged termination occurred on September 1, 2025—months after WHR IOP allegedly closed. *Id.* ¶ 2. Plaintiff does not explain this contradiction anywhere in his Motion. Instead, he asserts these points to justify his continued refusal to join WHR IOP—but the allegation that the improper party cannot join the proper party to a lawsuit is no justification for the improper party's suit to proceed.[3]

The Court is being asked to accept a factual account that directly contradicts Plaintiff's own prior statements. That is impermissible and warrants denying the motion.

## CONCLUSION

For the reasons stated above, Defendants respectfully ask the Court to deny Plaintiff's Motion for Leave to File Sur-Reply and Second Amended Complaint.

June 23, 2026                                By:   /s/ *Alyssa R. Jones*
                                                  Kim J. Trout
                                                  Alyssa R. Jones
                                                  Christopher Flynn
                                                  Neil Nandi

                                                  *Attorneys for Defendants*
                                                  *Magellan Healthcare Inc., David Welsh, and*
                                                  *David Tovar*

---

[3] Plaintiff's citations regarding the impossibility of joinder are irrelevant. Both involve situations where a non-present party would have been potentially harmed by the disposition of the suit. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 868–69 (2008) (relief could be "an important and consequential ruling affecting the [non-joined] sovereign's substantial interest"); *Makah Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir. 1990) (noting that "any relief would be detrimental to the other tribes" not joined in the suit). Neither involves situations like the one here, where the only plaintiff before the court is the wrong party to be pursuing those claims.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 9**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 23, 2026, a true and correct copy of the above and foregoing document was forwarded via eMail as follows:

Elhadi Benkirane
305 N. Lincoln St.
Post Falls, ID 83854
Benkirane.hadi@gmail.com

                                                    */s/ Alyssa R. Jones*
                                                  Alyssa R. Jones

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND SECOND AMENDED COMPLAINT | Page 11**