Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd,
Riverside, CA 92507 Telephone:
(562) 391 1442
Benkirane.hadi@gmail.com

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF IDAHO

| | |
|---|---|
| ELHADI BENKIRANE,<br><br>    Plaintiff,<br><br> v.<br><br>MAGELLAN HEALTHCARE, INC.;<br>DAVID WELSH; DAVID TOVAR;<br>and DOES 1 through 10,<br><br>    Defendants. | Case No. 2:25-cv-00314-DCN<br><br>**PLAINTIFF'S REPLY IN<br>SUPPORT OF MOTION FOR<br>LEAVE TO FILE SUR REPLY<br>AND SECOND AMENDED<br>COMPLAINT**<br><br><br>Hon. David C. Nye |

## I. INTRODUCTION

Defendants' Opposition (Dkt. 48) raises one issue that Plaintiff must address directly and correct at the outset, and several issues that do not withstand scrutiny. Plaintiff addresses the citation issue first, then responds to each of Defendants' remaining arguments in turn.

## II. PLAINTIFF CORRECTS TWO CITATIONS AND RENEWS HIS MOTION ON ACCURATE AUTHORITY

Defendants are correct that the parenthetical attributed to *El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1040 (9th Cir. 2003),* and the quotations attributed to *Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003),* in Plaintiff's Motion for Leave (Dkt. 46) do not appear in those opinions. Dkt. 48 at 2. Plaintiff has independently reviewed both opinions in

1

full. Defendants' observation is accurate, and Plaintiff withdraws reliance on both citations as originally framed.

Plaintiff did not identify any basis to believe these errors were anything other than citation mistakes, and Plaintiff takes responsibility for including them. The underlying legal propositions, however, are correct and well established. The point for which Hashim was cited, that fundamental fairness permits a court to consider an issue raised for the first time in a reply brief, is the holding of *Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007)* ("The district court need not consider arguments raised for the first time in a reply brief."); accord *Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010)* ("arguments raised for the first time in a reply brief are waived"); *Koerner v. Grigas, 328 F.3d 1039, 1048 (9th Cir. 2003)*. Plaintiff relies on these accurately cited authorities in place of the withdrawn citation. The point itself is not in dispute: a party should not be permitted to raise a new argument in a reply and thereby foreclose a response, a principle Plaintiff's Motion for Leave separately and correctly supported with *Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)*, a citation Defendants do not challenge.

Regarding Eminence Capital, Plaintiff withdraws the quoted phrases "a harsh remedy" and "the impact of a dismissal on the litigant," which do not appear in that opinion. The opinion does hold what Plaintiff's point required: that prejudice to the opposing party is "the touchstone of the inquiry under rule 15(a)" and "carries the greatest weight" among the factors a court must weigh before denying leave to amend, and that the policy of Rule 15(a) is "to be applied with extreme liberality." Eminence Capital, 316 F.3d at 1051 (quoting *Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001))*; id. at 1052 (citing *Foman v. Davis, 371 U.S. 178, 182 (1962))*. Plaintiff relies on the holding as accurately stated here.

Correcting these two citations changes nothing about the underlying merits of Plaintiff's Motion for Leave. Plaintiff addresses Defendants' remaining arguments below.

## III. PLAINTIFF'S MOTION IS NOT AN UNAUTHORIZED SUR REPLY

Defendants argue that Plaintiff's motion should be struck because it includes proposed sur reply arguments. Dkt. 48 at 3. This argument is circular. A motion for leave to file a sur reply must, by necessity, identify the arguments the movant seeks to raise so that the Court can evaluate whether

leave is warranted. Identifying those arguments within the motion for leave is not an unauthorized filing; it is the substance of the request itself.

Defendants cite *Winn v. Blades, No. 1:16-CV-00390-BLW, 2018 WL 297567 (D. Idaho Jan. 4, 2018)*, and *Alternate Energy Holdings, Inc. v. Giorgi, No. 1:14-cv-00225-EJL-REB, 2017 WL 187139 (D. Idaho Jan. 17, 2017)*. Both cases involved parties who filed sur replies without first seeking leave of the Court. Plaintiff did the opposite: he sought leave before filing anything, as Local Rule 7.1(d)(1) requires. Describing the substance of a proposed filing within a motion seeking permission to file it is not a violation of that rule. It is compliance with it.

## IV.    DEFENDANTS RAISED NEW ARGUMENTS AND CHARACTERIZATIONS IN THEIR REPLY

**A. The "Disregard" Escalation Is a New Argument**

Defendants state that the word "disregard" appeared in their opening brief, not their Reply. Dkt. 48 at 4. Plaintiff does not dispute that the word appeared earlier. What Plaintiff identified as new is the escalation: Defendants' Reply combined the "disregard" characterization with *Dana v. Campbell, No. 1:18-cv-00298-DCN, 2025 WL 1827042 (D. Idaho July 1, 2025)*, to argue for dismissal with prejudice as a sanction for judicial defiance. Reply Br. at 10 ("the Court gave Plaintiff a clear roadmap" and he "chose not to follow it"). Defendants' opening brief argued a standing deficiency. Their Reply escalated that argument into an accusation that supports permanent termination of Plaintiff's constitutional claims. That escalation, not the bare word "disregard," is the new argument requiring a response.

B. The New Case Law Applied a New Standard to Plaintiff's Amended Pleading, and the Second Amended Complaint Resolves the Point Regardless

Defendants argue that *Wisdom v. Centerville Fire Dist.* and *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595 (9th Cir. 2014)*, were cited merely to reinforce arguments already raised. Dkt. 48 at 4 to 5. Defendants further rely on *Hajjar v. St. Luke's Health Sys., Ltd., No. 1:23-cv-00367-AKB, 2025 WL 2465999 (D. Idaho Aug. 27, 2025)*, for the proposition that citing additional case law in a reply to support an argument already raised does not, by itself, justify a sur reply.

Plaintiff maintains that Wisdom was cited for a specific proposition not articulated in the opening brief, namely that personal economic injury resulting from a wrong to a corporation is, standing alone, insufficient for standing, and that this proposition was applied to Plaintiff's First Amended Complaint for the first time in the Reply. Plaintiff need not resolve that dispute for this motion to succeed. Even if the Court determines that a sur reply is not warranted on this particular point, the Second Amended Complaint independently and directly addresses the standing theory that Wisdom and Airs Aromatics are cited to support, by pleading Plaintiff's injuries exclusively in personal terms and removing any reliance on WHR's corporate damages. See Section V.A below. The Second Amended Complaint should be evaluated on its own merits regardless of how the Court resolves the narrower sur reply question addressed in this subsection.

### C. Defendants' Analysis of Plaintiff's Exhibits Was New by Their Own Account

Defendants argue that their Reply analysis of Plaintiff's exhibits was proper because the exhibits were not in the record when Defendants filed their opening brief. Dkt. 48 at 5 to 6. This is Plaintiff's point, not a rebuttal of it. Analysis of material that did not exist in the record until the Opposition was filed is, by definition, new. Plaintiff is entitled to respond to that analysis before the Court rules on it.

## V. THE SECOND AMENDED COMPLAINT IS NOT FUTILE

### A. The SAC Adds Specific Allegations the FAC Lacked

Defendants argue that the SAC "merely relabels the same facts." Dkt. 48 at 7 to 8. The SAC's amendments are more substantial than that characterization allows:

Continuing personal injury. The SAC pleads, and Plaintiff's accompanying declaration confirms under penalty of perjury, that Plaintiff has submitted more than 200 employment applications in the behavioral health industry since his termination and has received no interviews, after truthfully disclosing the termination of WHR's provider agreement on every application that required it. This is a personal, continuing injury distinct from any injury WHR sustained, and it did not appear in the First Amended Complaint.

Named comparator with specificity. The SAC adds Moonlight Mountain Counseling as a named comparator, with the specificity the Ninth Circuit requires for an equal protection class-of-one claim. *SmileDirectClub, LLC v. Tippins, 31 F.4th 1110, 1122 to 1123 (9th Cir. 2022)* (a class of one plaintiff must be similarly situated to the proposed comparator in all material respects). Defendants' Reply identified the absence of a named comparator as a deficiency in the FAC. The SAC cures it.

Individuated allegations against Welsh and Tovar. The SAC includes dedicated factual paragraphs establishing each individual defendant's background, personal stake in the alleged conduct, and specific acts, which the personal capacity claims require but which the FAC did not sufficiently develop.

**B. The SAC's State Action Allegations Present a Substantial and Contested Legal Question, Not a Foreclosed One**

Defendants' Opposition does not address the Second Amended Complaint's state action allegations directly, but Defendants' original Memorandum in support of their motion to dismiss the original Complaint argued, relying on cases such as *Gonzalez-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244 (1st Cir. 2012),* that managed care organizations administering government health benefits are not state actors merely by virtue of their government contracts. Plaintiff does not dispute that contracting with the state, standing alone, is insufficient to establish state action. The Second Amended Complaint alleges considerably more than a bare contracting relationship: that the State of Idaho Department of Health and Welfare personally vetted and approved Defendant Welsh before he could exercise enforcement authority under the IBHP contract, that Magellan is the sole entity authorized to administer the program with no private market alternative, and that no provider can serve Idaho Medicaid patients without Magellan's approval.

Whether these specific facts are sufficient to establish state action under the close nexus test is a substantial legal question on which courts have reached different conclusions depending on the degree of governmental involvement actually pleaded. Compare *Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 754 to 755 (9th Cir. 2020)* (private entity performing a state-delegated function held to be a state actor where the state exercised pervasive control over that entity's operations), with Gonzalez-Maldonado, 693 F.3d at 248. That question cannot be resolved against Plaintiff at the pleading stage merely because Defendants can point to cases reaching a different result on different facts. Amendment is not futile where, as here, the legal theory is substantial and contested rather than foreclosed as a matter of law.

**C. Plaintiff's Standing Does Not Depend on Any Ownership Interest in WHR, and the SAC Does Not Contradict Plaintiff's Prior Filings**

Defendants' original Memorandum in support of their motion to dismiss argued that Plaintiff is not a party to the Agreement between Magellan and WHR IOP LLC, and that under settled corporation and agency law, a corporate officer or signatory acquires no personal rights under a contract signed on the corporation's behalf. Dkt. 20-3 at 6 (citing *Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 477 (2006)).* Plaintiff agrees with the legal principle Defendants cite. Plaintiff does not dispute that he is not personally a party to the Agreement between Magellan and WHR, and Plaintiff does not bring any claim to enforce WHR's contractual rights under that Agreement. Plaintiff's claims rest on an entirely different and independent foundation: that Defendants personally targeted Plaintiff for retaliation because of his own protected speech, and that the injuries he suffered, including loss of his position, defamation to his patients, and removal by name from the Provider Advisory Committee, were inflicted on him directly and personally, not derivatively through any injury to WHR. See *Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1318 (9th Cir. 1989).* The privity principle that forecloses a shareholder or officer from stepping into a corporation's shoes to enforce its contracts has no bearing on a plaintiff's separate and independent right to sue for retaliation and injury directed at him as an individual.

Defendants' original Memorandum also noted, in a footnote, that Plaintiff's description of himself in the original Complaint as the "owner and operator" of WHR IOP LLC is inconsistent with WHR's certificate of organization, which lists the company's governor as a separate entity and does not name Plaintiff. Dkt. 20-3 at 6 n.3 (citing Ex. B). Plaintiff acknowledges that this description was not accurate. Plaintiff was not an owner, member, or governor of WHR IOP LLC. Plaintiff served as WHR's Executive Director, an employee position, and Plaintiff's Declaration and the Second Amended Complaint both describe his role in those terms rather than as an ownership position.

This correction does not affect Plaintiff's standing or undermine the SAC. None of Plaintiff's claims depend on any ownership or governance interest in WHR. Defendants' own correspondence with WHR, including the deficiency letter and the May 27, 2025 termination letter, addressed Plaintiff personally as "OWNER," notwithstanding the actual content of WHR's corporate filings. Plaintiff's use of that same label in his original Complaint reflected the same imprecision Defendants' own correspondence displayed, not a strategic factual reversal of the kind Airs Aromatics addresses.

The operative facts material to Plaintiff's claims have not changed: Plaintiff worked at WHR as its Executive Director, Defendants directed retaliatory conduct at him personally, and he lost his livelihood as a result. Whether his role is described as "Owner" or "Executive Director" does not bear on whether the injuries he suffered are personal and direct.

Defendants also argue that Plaintiff's timeline is internally inconsistent because WHR "ceased operations" immediately upon termination of the provider agreement, but Plaintiff's employment was not terminated until September 1, 2025. Dkt. 48 at 9. There is no inconsistency, because ceasing operations and ceasing to exist as a legal entity are not the same thing. WHR was forced to stop treating Magellan members and to cease its Magellan-funded clinical operations immediately upon the May 27, 2025, termination of the provider agreement, consistent with the original Complaint. WHR continued to exist as a legal entity after that date. WHR terminated Plaintiff's employment on September 1, 2025, when WHR could no longer sustain operations without the revenue the Magellan provider agreement had supplied. These are sequential and causally connected events, not contradictory ones: the loss of the contract caused the operational shutdown in May, and the operational shutdown in turn caused the termination of Plaintiff's employment once WHR's remaining resources were exhausted in September.

**D. Plaintiff's Inability to Join WHR Is a Practical Constraint, Not a Choice**

Defendants argue in a footnote that *Republic of the Philippines v. Pimentel, 553 U.S. 851 (2008), and Makah Indian Tribe v. Verity, 910 F.2d 555 (9th Cir. 1990), are inapposite because both involve circumstances where a non-joined* party would be harmed by the litigation. Dkt. 48 at 9 n.3. Plaintiff does not cite these cases for that proposition. He cites them for the broader principle that when joinder of a party is not feasible, a court must conduct an equitable analysis rather than mechanically dismissing the action. That principle applies with particular force here, where Plaintiff is not an improper party seeking to litigate someone else's claim. He is the only party who can assert these constitutional claims, because the retaliation Defendants are alleged to have committed was directed at him personally, not at WHR as a corporate entity.

WHR terminated Plaintiff's employment on September 1, 2025. Since that date, Plaintiff has had no contact with WHR, no authority over WHR, and no ability to compel its participation in this litigation. The question this Court must weigh is not whether WHR would be prejudiced by this suit, but whether Plaintiff, the party whose own rights are at stake, should be permanently barred from vindicating those rights because the entity that fired him will not appear voluntarily.

## VI. DEFENDANTS DO NOT ADDRESS THE SAC'S CENTRAL FACTUAL ALLEGATIONS

Defendants' Opposition does not respond to several of the SAC's central factual allegations bearing on futility, including: Defendant Tovar's simultaneous management of a directly competing behavioral health clinic in the same service area; the routing of Plaintiff's appeal to the same individual who issued the termination decision; Plaintiff's removal by name from the Provider Advisory Committee; and the timing of the termination letter relative to Plaintiff's remediation submission. Defendants' silence on these allegations does not establish that the amendment would be futile.

Defendants' Opposition also does not address the corporate transaction through which Centene Corporation is divesting Magellan Health, Inc. to Madison Health Group, a transaction subject to ongoing review by the California Office of Health Care Affordability since March 19, 2026, with Crowell and Moring LLP, the same firm representing Defendants here, serving as outside counsel of record on that filing. Plaintiff does not contend that this particular filing concerns the same Magellan subsidiary that holds the Idaho IBHP contract at issue in this case, and the state action allegations in the SAC rest principally on the IBHP contract itself and the authority Idaho has delegated to Magellan under it. Plaintiff offers this fact in the SAC as one indication, among the others pleaded, of the degree of state and regulatory entwinement characteristic of Magellan's broader corporate structure.

Finally, Defendants seek to strike Plaintiff's supplemental brief at Dkt. 47 as a serial filing with no procedural basis. Dkt. 48 at 3. Dkt. 47 was not offered as a notice of supplemental legal authority under Local Civil Rule 7.1(d)(2), and Plaintiff does not rely on that rule here, since that rule governs new case law, not new factual material. Rather, the materials attached to Dkt. 47, including documentation of the Centene to Madison Health Group transaction and the corresponding state regulatory filings, became available to Plaintiff only after Dkt. 46 was filed. A party that receives new evidence after the briefing closes is entitled to bring it to the Court's attention and to be heard on it before the Court rules. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). The same fairness principle that supports Plaintiff's request for leave to file a sur reply applies equally to the supplemental materials at Dkt. 47.

## VII. CONCLUSION

For the reasons stated above and in Plaintiff's Motion for Leave, as corrected herein, Plaintiff respectfully renews his request that this Court:

1. Grant Plaintiff leave to file a sur reply addressing the escalated "disregard" theory and Defendants' new factual characterizations of Plaintiff's exhibits; and

2. Grant Plaintiff leave to file the Second Amended Complaint attached as Exhibit A to the Motion for Leave.

In the alternative, if the Court is inclined to dismiss the First Amended Complaint, Plaintiff respectfully requests that the dismissal be without prejudice and that Plaintiff be granted leave to file the Second Amended Complaint.

Respectfully submitted,

DATED: _____6/24/_____, 2026

/s/ Elhadi Benkirane
Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd,
Riverside, CA 92507
Telephone: (562) 391 1442

Benkirane.hadi@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____6/24/2026_____, 2026, a true and correct copy of the foregoing **Plaintiff's Reply in Support of Motion for Leave to File Sur Reply and Second Amended Complaint** was served upon counsel for Defendants by electronic mail as follows:

**Kim J. Trout**
**Alyssa R. Jones**
**Trout and Jones PLLC**
**service@trout-law.com**

**Christopher Flynn**
**Neil Nandi**
**Crowell and Moring LLP**
**CFlynn@crowell.com**
**NNandi@crowell.com**



/s/ Elhadi Benkirane
Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd
Riverside, CA 92507
Telephone: (562) 391 1442
Benkirane.hadi@gmail.com