UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ELHADI BENKIRANE,

Plaintiff,

v.

MAGELLAN HEALTHCARE INC., DAVID WELSH, DAVID TOVAR, and DOES I-X,

Defendants.

Case No. 2:25-cv-00314-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Defendants Magellan Healthcare Inc., David Welsh, and David Tovar's ("Defendants") Motion to Dismiss First Amended Complaint (Dkt. 40), as well as Plaintiff Elhadi Benkirane's Motion for Leave to File Sur-Reply and for Leave to File a Second Amended Complaint (Dkt. 46). For the reasons below, the Court DENIES Benkirane's Motion for Leave to File Sur-Reply and for Leave to File a Second Amended Complaint, and GRANTS Defendants' Motion to Dismiss the First Amended Complaint WITH PREJUDICE. Because the Court dismisses this case for a lack of standing, the Court declines to rule on whether Defendants are state actors.

## II. BACKGROUND

Benkirane was the executive director of WHR IOP LLC ("WHR"), an Idaho limited liability company that provides addiction rehabilitation treatment to Medicare/Medicaid recipients. Magellan Healthcare Inc. ("Magellan") is an insurance company, incorporated in Delaware, contracted by the State of Idaho to administer the state's Medicaid/Medicare

behavioral health program. Defendants David Welsh and David Tovar are officers of Magellan.

Benkirane, acting in his capacity as executive director of WHR, entered into a Network Provider Agreement ("Agreement") between WHR and Magellan under which WHR submitted insurance claims to Magellan, which then processed WHR's claims. Dkt. 22-1. The only two parties to the Agreement were Magellan and WHR. *Id.*

Benkirane sued Magellan in his personal capacity, alleging Magellan is a state actor who violated his civil rights and breached the Agreement. Dkt. 2. Specifically, Benkirane alleges Magellan failed to pay out over $160,000 in insurance claims which, under the Agreement, they were supposed to pay. *Id.* at 6. The lack of payments negatively impacted WHR's operations, caused WHR staff to quit, and created other financial problems. *Id.* Benkirane alerted Magellan, Tovar, and Welsh that he intended to sue them to recover payments for the unpaid insurance claims. Dkt. 25, at 32. Benkirane alleges that, in retaliation for the threatened suit, Magellan initiated a series of audits and eventually terminated the Agreement for cause, thus ending WHR's status as a provider under the Idaho Behavioral Health Plan network. Benkirane sought multiple forms of relief, both legal and equitable. *See generally* Dkt. 2. Defendants moved to dismiss and the Court granted that motion on the basis that Benkirane lacked standing. Dkt. 20; Dkt. 31 at 6. The Court gave Benkirane leave to amend the Complaint to include WHR as the proper party. Dkt. 31 at 6.

Benkirane proceeded to submit the First Amended Complaint (the "FAC") on April 15, 2026, wherein he largely rephrases the claims from the original Complaint without

adding WHR as a party. *See generally* Dkt. 33. Defendants moved to dismiss the FAC. Dkt. 40. After the parties completed briefing on the renewed Motion to Dismiss, Benkirane filed his Motion for Leave to File Sur-Reply and for Leave to File a Second Amended Complaint. Dkt. 46.

## III. LEGAL STANDARDS

### A. Motion to File Sur-Reply

Courts may make the decision to allow a sur-reply with absolute discretion and should only allow a sur-reply for valid reasons such as when a movant raises new issues in their reply. *Meraz-Camacho v. U.S.*, 417 Fed. Appx. 558, 559 (7th Cir. 2011). Courts should deny motions to file a sur-reply where the arguments raised or addressed in a sur-reply would not alter the case's outcome. *Id.*

### B. Motion to File Second Amended Complaint

Courts deny motions to file an amended complaint where an amended complaint would not survive a motion to dismiss. *Harrison v. Norton*, 429 F. Supp. 2d 83, 92 n.2 (D.C. 2006). Specifically, courts treat an amendment as futile where the amendment "restates the same facts as the original complaint in different terms [or] reasserts a claim on which the court previously ruled" *Id.* (quoting 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000)).

### C. Motion to Dismiss Under 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss claims for lack of subject matter jurisdiction. Fed R. Civ. P. 12(b)(1). Either party may raise the issue that a court lacks subject matter jurisdiction, or a court may do so on its own initiative,

at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "Dismissal for lack of jurisdiction is not warranted to the extent that the complaint pleads facts from which federal jurisdiction clearly may be inferred." *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

## IV. DISCUSSION

In his Motion for Leave to File a Sur-Reply, Benkirane states that Defendants have raised new arguments in their reply brief. Dkt. 46 at 2–4. Benkirane mistakes responses for novel arguments. Defendants cited the additional case law identified by Benkirane to address his introduction of additional exhibits and his apparent contradiction of his own prior arguments. Dkt. 45 at 2, 4. They addressed the use of the language "we," "us," and "our" in contract-related communications to address Benkirane's contention that he acted in his personal capacity. The Defendants' argument that Benkirane disregarded the Court's instructions, a point Benkirane seems to view as especially important, again constitutes a response to his arguments in addition to an accurate assessment of the FAC. *Id.* at 10. None of these issues were raised in the first instance in Defendants' reply brief. For these reasons,

the Court denies Benkirane's Motion to File a Sur-Reply.[1]

Benkirane's FAC included, without reservation, all his original claims merely rephrased to frame him as the real party in interest. *See generally* Dkt. 33. In determining the sufficiency of a pleading, courts look to the underlying facts of allegations rather than the labels and characterizations applied by a claimant to those facts. *Lynch v. Suffolk Cnty. Police Dep't Inc.*, 2007 WL 9753042, at *6 (E.D.N.Y. July 31, 2007). A mere rearrangement of phrasing will not suffice to transform a lack of standing into standing. This Court provided Benkirane an opportunity to amend his Complaint only to include the proper party – WHR. Dkt. 31 at 6. It did not grant him leave to restate his arguments because doing so would not and does not cure the Complaint's deficiencies. As discussed in further detail below, he failed to amend the Complaint as instructed. And his proposed Second Amended Complaint fares no better. Benkirane admits his total lack of authority to add WHR to this matter rendering the providence of any further opportunity to amend the Complaint futile. Dkt. 46 at 5. The Court denies Benkirane's Motion to File a Second Amended Complaint on grounds of futility.

As highlighted above, Benkirane has offered little to no additional information in his FAC. His only new argument converts his original retaliation claim into a First

---

[1] Benkirane purported to quote from two cases in his Motion using language that did not actually exist in those cases. Dkt. 46 at 2, 10. Such falsified quotations are likely the result of using artificial intelligence to assist with drafting his brief. Although the Court recognizes that Benkirane appears pro se in this action, he is not excused from adhering to the Court's rules. Making fabricated representations to the Court is unacceptable, not to mention it wastes the Court's time and resources and the opposing party's time and money. The Court admonishes Benkirane and warns that failing to ensure his future filings contain accurate statements of law may be independent grounds for dismissal. *See Lnu v. Blanche*, 177 F.4th 1014, 1026–30 (9th Cir. 2026).

Amendment claim. Dkt. 33 at 14–16. Benkirane asserts that, by engaging in allegedly retaliatory audits after he threatened legal action, the Defendants impinged on his personal First Amendment right to seek redress in court. *Id.* at 15. This reframing of a claim possesses no merit. The use of the word "personal" does not alter the substance of the claim. The alleged non-payment of insurance claims by Magellan affected WHR. The allegedly retaliatory audits affected WHR. The only way Benkirane could have followed through on his threat of litigation to begin with would have been on the behalf of WHR as WHR's executive director. Every step of this claim involves WHR – not Benkirane.

Benkirane relies on *Soranno's Gasco, Inc. v. Morgan* to support the argument that he may pursue redress for his alleged personal injuries independent of any injuries to WHR. 874 F.2d 1310, 1318 (9th Cir. 1989); Dkt. 46 at 3. Benkirane's position bears little resemblance to that case. Prior to the retaliatory conduct in that case, Soranno publicly criticized government entities regarding recently promulgated regulations and threatened litigation over the same. *Id.* at 1312. He did this entirely in his individual capacity – not on behalf of Soranno's Gasco, Inc. *Id.* The defendants in the case then responded by initiating enforcement activity against Soranno's Gasco, Inc. and falsely informing customers of Soranno's Gasco, Inc. that the company could no longer lawfully ship gasoline. *Id.* at 1312–13. The defendants took the action against the business entity as a means of harming the plaintiff for actions he undertook in his individual capacity. *Id.* By contrast, all of Benkirane's interactions with Defendants occurred in his capacity as a representative of WHR.

Because Benkirane engaged with the Defendants in his capacity as the executive

director of WHR, WHR remains the real party in interest as to any claims stemming from the contractual relationship between WHR and the Defendants. Benkirane's loss of employment subsequent to these events, though unfortunate, is an indirect consequence of the termination of the contract between WHR and Magellan. In order to enforce a contract, a third party must show that the parties to the contract expressed in the contract an intent to directly benefit the third party. *In re Thorien*, 2008 WL 5683488, at *7 (Bankr. D. Idaho Nov. 6, 2008) (citing *Idaho Power Co. v. Hulet*, 90 P.3d 335, 337 (Idaho 2004)). A third party may not proceed in this manner if he merely incidentally benefits from the contract. *Id.* Since the contract at issue does not name Benkirane as a beneficiary, Benkirane has not shown he is an intended third-party beneficiary with rights to enforce the contract. Because Benkirane admits he cannot compel WHR to bring the claims alleged, the Court grants Defendants' Motion to Dismiss First Amended Complaint with prejudice.

## V. CONCLUSION

Because Benkirane has not shown a valid reason to file a sur-reply and has not demonstrated a second amended complaint would cure the deficiencies the Court has identified, his motion is DENIED. Because all Benkirane's claims stem from alleged breaches of a contract to which he is not a party, and because further amendment would be futile, the Court GRANTS Defendants' Motion to Dismiss the First Amended Complaint WITH PREJUDICE for lack of standing.

## VI. ORDER

1. Benkirane's Motion for Leave to File a Sur-Reply and for Leave to File a Second Amended Complaint (Dkt. 46) is DENIED.

2. Defendants' Motion to Dismiss First Amended Complaint (Dkt. 40) is GRANTED.

3. The case is DISMISSED with PREJUDICE.

DATED: October 20, 2026

David C. Nye
U.S. District Court Judge