Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd
Riverside, CA 92507 Telephone:
(562) 391-1442
Benkirane.hadi@gmail.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ELHADI BENKIRANE,<br><br>Plaintiff,<br>v.<br><br>MAGELLAN HEALTHCARE, INC.; DAVID WELSH; DAVID TOVAR; and DOES 1 through 10,<br><br>Defendants. | Case No. 2:25-cv-00314-DCN<br><br>**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FED. R. CIV. P. 59(e) TO REFLECT DISMISSAL WITHOUT PREJUDICE; MEMORANDUM IN SUPPORT**<br><br>Hon. David C. Nye |

## MOTION

Plaintiff Elhadi Benkirane, appearing pro se, moves under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's Memorandum Decision and Order dated October 20, 2026 (Dkt. 50), and any judgment entered on it, for one limited purpose: to change the dismissal from "with prejudice" to "without prejudice."

For purposes of this limited motion, Plaintiff does not seek reconsideration of the Court's other rulings. Plaintiff expressly reserves his right to seek appellate review of the standing determination, the denial of leave to amend, and other adverse rulings. This motion asks only that the

form of the dismissal match the jurisdictional ground on which the Court decided the case.

**MEMORANDUM IN SUPPORT I.**

**BACKGROUND**

On October 20, 2026, the Court granted Defendants' Motion to Dismiss First Amended Complaint (Dkt. 40) and denied Plaintiff's Motion for Leave to File Sur-Reply and for Leave to File a Second Amended Complaint (Dkt. 46). Dkt. 50. The Court evaluated the motion under Rule 12(b)(1), which governs dismissal for lack of subject matter jurisdiction. *Id.* at 3–4. The Court stated: "Because the Court dismisses this case for a lack of standing, the Court declines to rule on whether Defendants are state actors." *Id.* at 1. Its conclusion grants the motion "WITH PREJUDICE for lack of standing." *Id.* at 7. Paragraph 3 of the Order states: "The case is DISMISSED with PREJUDICE." *Id.* at 8.

Plaintiff requested, in the alternative, that any dismissal be without prejudice. Dkt. 49 at 9. The Order does not address that request.

**II. LEGAL STANDARD**

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Relief is appropriate where the motion "is necessary to correct manifest errors of law or fact upon which the judgment rests." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253 (9th Cir. 1999) (en banc)). This motion is timely.

## III. ARGUMENT

**A. A dismissal for lack of standing is a dismissal for lack of jurisdiction, and it must be without prejudice.**

The Ninth Circuit has held that when a district court lacks subject matter jurisdiction, the dismissal must be without prejudice:

> "[B]ecause the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice."

*Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). The same rule applies specifically to dismissals for lack of standing. *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106–07 (9th Cir. 2006). Courts in this District apply the rule as well. *Balderas v. United Parcel Serv., Inc.*, 385 F. Supp. 3d 1090, 1098 (D. Idaho 2019) (a case dismissed for lack of subject matter jurisdiction should normally be dismissed without prejudice).

Where a district court enters a jurisdictional dismissal with prejudice, the Ninth Circuit corrects it by directing that the judgment be amended. *See, e.g.*, *Holscher v. Hess*, No. 20-35049 (9th Cir. Feb. 24, 2021) (unpublished) ("We instruct the district court to amend the judgment to reflect that the dismissal is without prejudice.").

**B. The Court decided this case on jurisdiction, not on the merits.** The Order applied the Rule 12(b)(1) standard, framed its holding as a lack of standing, and expressly declined to reach whether Defendants are

state actors, which is an element of the merits of Plaintiff's claims under 42 U.S.C. § 1983. Dkt. 50 at 1, 3–4, 7. Having concluded that Plaintiff lacks standing, the Court did not adjudicate the merits of any claim. A dismissal "with prejudice" nonetheless carries the effect of a merits adjudication. That effect is inconsistent with the ground on which the Court actually ruled, and it is a manifest error of law within the meaning of *Herron*, 634 F.3d at 1111.

### C. A futility finding governs leave to amend; it does not convert a jurisdictional dismissal into a merits judgment.

The Order found that further amendment in this action would be futile. Dkt. 50 at 5. For purposes of this limited motion, Plaintiff does not seek reconsideration of that finding, and he reserves his right to seek appellate review of it. Futility, however, answers a different question: whether the plaintiff may amend in this action. It does not change the nature of the dismissal. A court that lacks jurisdiction may dismiss without leave to amend, but the dismissal must still be without prejudice, because no court with jurisdiction has adjudicated the claims. *Kelly*, 377 F.3d at 1036. Amending the dismissal to be without prejudice ends this action exactly as the Court intended. It leaves any question of who may assert these claims, and in what forum, to a court with jurisdiction to decide it.

### D. The correction is narrow and imposes no burden on Defendants.

The requested relief changes one word in paragraph 3 of the Order. It does not reopen the case or revive any claim in this Court. Defendants retain every defense they could raise in any future proceeding.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court GRANT this motion and amend paragraph 3 of its Memorandum Decision and Order (Dkt. 50), and any separate judgment entered on it, to read: “The case is DISMISSED WITHOUT PREJUDICE for lack of standing.” All other provisions of the Order would remain unchanged. A proposed order is submitted with this motion.

## CERTIFICATION REGARDING CITED AUTHORITIES

Plaintiff certifies that he has personally read each authority cited in this motion and has confirmed that every quotation appears in the cited source and that each authority supports the proposition for which it is cited.

Respectfully submitted,

DATED: October 20, 2026

/s/ Elhadi Benkirane
Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd
Riverside, CA 92507 Telephone:
(562) 391-1442
Benkirane.hadi@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2026, a true and correct copy of the foregoing Plaintiff's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) to Reflect Dismissal Without Prejudice, together with the proposed order, was served upon counsel for Defendants by electronic mail as follows:

**Kim J. Trout**
**Alyssa R. Jones**
Trout and Jones PLLC
service@trout-law.com

**Christopher Flynn Neil Nandi**
Crowell and Moring LLP
CFlynn@crowell.com
NNandi@crowell.com

/s/ Elhadi Benkirane
Elhadi Benkirane
Plaintiff, Pro Se
7506 Baerss Rd
Riverside, CA 92507 Telephone:
(562) 391-1442
Benkirane.hadi@gmail.com

