UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELHADI BENKIRANE,<br><br>Plaintiff,<br><br>v.<br><br>MAGELLAN HEALTHCARE INC., DAVID WELSH, DAVID TOVAR, and DOES I-X,<br><br>Defendants. | Case No. 2:25-cv-00314-DCN<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION TO ALTER JUDGMENT** |

## I. INTRODUCTION

Before the Court is Plaintiff Elhadi Benkirane's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) to Reflect Dismissal Without Prejudice (the "Motion to Alter Judgment"). Dkt. 51. For the reasons below, the Court DENIES Benkirane's Motion to Alter Judgment.

## II. BACKGROUND

Benkirane was the executive director of WHR IOP LLC ("WHR"), an Idaho limited liability company that provides addiction rehabilitation treatment to Medicare/Medicaid recipients. Defendant Magellan Healthcare Inc. ("Magellan") is an insurance company, incorporated in Delaware, contracted by the State of Idaho to administer the state's Medicaid/Medicare behavioral health program. Defendants David Welsh and David Tovar are officers of Magellan.

Benkirane, acting in his capacity as executive director of WHR, entered into a Network Provider Agreement ("Agreement") between WHR and Magellan under which

WHR submitted insurance claims to Magellan, which then processed WHR's claims. Dkt. 22-1. The only two parties to the Agreement were Magellan and WHR. *Id.*

Benkirane sued Magellan in his personal capacity, alleging Magellan is a state actor who violated his civil rights and breached the Agreement. Dkt. 2. Specifically, Benkirane alleges Magellan failed to pay out over $160,000 in insurance claims which, under the Agreement, they were supposed to pay. *Id.* at 6. The lack of payments negatively impacted WHR's operations, caused WHR staff to quit, and created other financial problems. *Id.* Benkirane alerted Magellan, Tovar, and Welsh that he intended to sue them to recover payments for the unpaid insurance claims. Dkt. 25, at 32. Benkirane alleges that, in retaliation for the threatened suit, Magellan initiated a series of audits and eventually terminated the Agreement for cause, thus ending WHR's status as a provider under the Idaho Behavioral Health Plan network. Benkirane sought multiple forms of relief, both legal and equitable. *See generally* Dkt. 2. Defendants moved to dismiss, and the Court granted that motion on the basis that Benkirane lacked standing. Dkt. 20; Dkt. 31, at 6. The Court gave Benkirane leave to amend the Complaint to include WHR as the proper party. Dkt. 31, at 6.

Benkirane proceeded to submit the First Amended Complaint (the "FAC") on April 15, 2026, wherein he largely rephrased the claims from the original Complaint without adding WHR as a party. *See generally* Dkt. 33. Defendants moved to dismiss the FAC. Dkt. 40. After the parties completed briefing on the renewed Motion to Dismiss, Benkirane filed his Motion for Leave to File Sur-Reply and for Leave to File a Second Amended Complaint. Dkt. 46. The Court denied Benkirane's motion and granted the Defendants'

motion to dismiss with prejudice. Dkt. 50. Benkirane then filed the incident Motion to Alter Judgment. Dkt. 51.

## III. LEGAL STANDARDS

### A. Dismissal Under 12(b)(1)

"*Ordinarily*, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. U.S.*, 862 F.2d 201, 204 (9th Cir. 1988) (citing *Black v. Payne*, 591 F.2d 83, 86 (9th Cir. 1979) (emphasis added). However, courts may still dismiss with prejudice for lack of subject matter jurisdiction where a bar to a claim is so absolute that no other court has the power to hear the case. *Frigard*, 862 F.2d at 204.

## IV. DISCUSSION

In his Motion to Alter Judgment, Benkirane argues the Court may only dismiss for lack of subject matter jurisdiction if it does so without prejudice. Dkt. 51. Benkirane refers to two Ninth Circuit cases to support his contention. *Id.* In the first, *Kelly v. Fleetwood Enterprises, Inc.*, a court found it lacked subject matter jurisdiction because the damages plaintiffs sought were not recoverable under the relevant federal law and, without a federal-law basis for jurisdiction, the court lacked supplemental jurisdiction to hear related Oregon-law claims. 377 F.3d 1034, 1036 (9th Cir. 2004). Plaintiffs there could have remedied these deficiencies by filing in state court. In the second, *Fleck & Assocs., Inc. v. City of Phoenix*, the court found a private corporation offering a facility for gay men to engage in consensual sex lacked standing because the corporation sought Constitutional protections extended only to its customers, not the corporation. 471 F.3d 1100, 1104 (9th Cir. 2006). The court

there dismissed without prejudice because the lower court should not have reached the merits of the case.

Benkirane also references a case from this Court to suggest that this Court has previously followed the standard he suggests it should follow now. Dkt. 51. This is misleading. In that case, *Balderas v. United Parcel Service, Inc.*, this Court dismissed without prejudice for lack of subject matter jurisdiction because an agreement bound the plaintiff to pursue their claims through binding arbitration rather than through the courts. 385 F. Supp. 3d 1090, 1094 (D. Idaho 2019). This Court held courts should "ordinarily" dismiss without prejudice in the case of a subject matter jurisdiction issue, rather than "always" as Benkirane contends. *Id.* at 1098 (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)). In the Ninth Circuit case cited by this Court in *Balderas*, the Ninth Circuit also held that dismissal with prejudice for lack of subject matter jurisdiction is proper if no other court could hear the case.

Here, no filing Benkirane could make nor action he could bring in any court will remedy the deficiencies in his claims, which he has attempted three times to correct. Benkirane could bring this action in any court in the United States, and the result would be the same. The reason is simple. Benkirane is the wrong party to bring this action. By his own admission, Benkirane has no remaining relationship with nor ability to represent WHR. Dkt. 49 at 6–8. The entirety of Benkirane's claims rest upon a relationship between WHR and Magellan to which Benkirane was not personally a party. Dkt. 50. The Court is not reaching the merits of Benkirane's claims, and nothing in this nor any other opinion of the Court regarding this action prevents WHR, as the proper party, from filing its own

action should it choose to do so. The Court's ruling only terminates Benkirane's ability to further pursue this matter in this or other courts.

## V. CONCLUSION

Because Benkirane has not demonstrated an ability to bring this action in any court in the United States, the Court DENIES Benkirane's Motion to Alter Judgment and leaves in place its dismissal with prejudice of Benkirane's claims.

## VI. ORDER

1. Benkirane's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) to Reflect Dismissal Without Prejudice (Dkt. 51) is DENIED.
2. This case remains CLOSED.

DATED: November 10, 2026

David C. Nye
U.S. District Court Judge